Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone: (907) 793-2200
Fax:   (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, ) ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:06-cv- |
| ) | |
| CATHOLIC BISHOP OF NORTHERN ALASKA, ) ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DECLARATORY RELIEF

Continental Insurance Company ("Continental"), by and through its attorneys, Guess & Rudd P.C., hereby complains and alleges as follows:

## Jurisdictional Statement and Background

1.   Continental is a corporation organized and existing under the laws of South Carolina, with its principal place of business in Chicago, Illinois.

2.   Continental is an affiliate of CNA Financial Corporation, is an authorized insurer in the State of Alaska, and has satisfied all other conditions precedent to bringing and maintaining this action.

3.   Upon information and belief, the Catholic Bishop of Northern Alaska ("CBNA") is a corporation sole organized under the laws of Alaska, with its principal place of business in Fairbanks, Alaska.

4.   This court has jurisdiction over the subject matter of this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, due to the nature of the allegations discussed below, and this dispute is between citizens of different states.

5.   Upon information and belief, CBNA is potentially liable for claims filed (or to be filed) in Alaska courts by individuals who allege they were abused as children by priests affiliated with CBNA (the "Underlying Abuse Claims").

6.   Upon information and belief, CBNA alleges that Continental issued a primary liability insurance policy to CBNA (hereinafter the "Alleged Policy"), alleged to be numbered SMP 2-39-06-21, from 1974 through 1979.

7.   Upon information and belief, CBNA specifically alleges that the Alleged Policy was issued sometime in 1974.

8.   Upon information and belief, CBNA alleges the Alleged Policy provided CBNA general liability coverage.

8.   Upon information and belief, CBNA has failed to locate a copy of the Alleged Policy after diligently searching for it.

9. Similarly, Continental has failed to locate a copy of the Alleged Policy.

10. Upon information and belief, CBNA has no evidence regarding the terms, conditions, or limits of coverage which may or may not have been contained in the Alleged Policy.

11. Despite not knowing the Alleged Policy's terms, or if there was a policy in effect, Continental has agreed to provide a defense to CBNA to certain of the Underlying Abuse Claims, subject to a complete reservations of rights, specifically including the right to deny coverage and the right to recoup defense costs relating to uncovered claims.

## Claim For Declaratory Relief

12. Continental hereby realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

13.  CBNA has the burden to prove that Continental issued a policy obligating Continental to defend and indemnify CBNA with respect to the Underlying Abuse Claims.

14.  CBNA cannot meet its burden to prove the Alleged Policy's existence, its effective dates, its terms, exclusions, or limits.

15.  Continental is entitled to a judicial declaration that it has no duty to defend or indemnify CBNA for any liability stemming from the allegations or claims asserted in the Underlying Abuse Claims.

WHEREFORE, Continental prays for the following relief:

A.  Entry of an order declaring that Continental has no duty to defend or indemnify CBNA with respect to the Underlying Abuse Claims.

B.  An order requiring CBNA to reimburse Continental for all sums paid by Continental in defense costs pursuant to Continental's reservation of rights.

C.  For an award of costs and fees associated with the prosecution of this action; and

D.  Such other and further relief as the court may deem just and equitable.

DATED at Anchorage, Alaska, this 19th day of January, 2006.

```
                        GUESS & RUDD P.C.
                        Attorneys for Plaintiff

                        By:     S/Gary A. Zipkin
                                Guess & Rudd P.C.
                                510 L Street, Suite 700
                                Anchorage, Alaska  99501
                                Phone: 907-793-2200
                                Fax:   907-793-2299
                                Email: gzipkin@guessrudd.com
                                Alaska Bar No. 7505048
```