IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CONTINENTAL INSURANCE COMPANY, )
)
                Plaintiff, )
)
v. )
)
CATHOLIC BISHOP OF NORTHERN )
ALASKA, )
)
                Defendant. )
_____ )

Case No. 3:06-cv-00019 RRB

### ANSWER TO COMPLAINT FOR DECLARATORY RELIEF

The Catholic Bishop of Northern Alaska ("CBNA") hereby answers the plaintiff's complaint as follows

1.     CBNA does not have sufficient information to admit or deny this allegation, it is therefore denied.

2.     CBNA does not have sufficient information to admit or deny this allegation, it is therefore denied.

3.     Admit.

4.     Denied.

5.     Admit.

6.     It is admitted that Continental issued a special multi-peril liability insurance policy to CBNA numbered SMP 2-39-06-21, and that this policy was in effect from 1974 through 1979. It is denied that these are allegations as opposed to facts.

7.     Admit.

8.     Admit.

9.     CBNA does not have sufficient information to admit or deny this allegation, it is therefore denied.

10.    Denied.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

11. It is admitted that Continental has agreed to provide a defense to CBNA unless and until it is determined that there is no coverage under the Continental policies. The remainder of this allegation is denied.

12. CBNA hereby admits and denies all the prior allegations of the plaintiff's complaint as though fully set forth herein.

13. Denied.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

1. This court should decline to exercise its discretionary jurisdiction in this case because it is a declaratory judgment action involving unresolved state law insurance issues.

2. The principles of federalism mandate that this court decline to exercise its declaratory judgment jurisdiction in insurance disputes, an area of the law most appropriately addressed at the state court level.

3. Plaintiff's complaint for declaratory relief is not ripe and should be dismissed.

4. Plaintiff's declaratory judgment action is in breach of the covenant of good faith and fair dealing owed to CBNA by plaintiff as its insurer and should be dismissed for that reason.

5. As an insurer, plaintiff has a fiduciary obligation to maintain its insurance records and it may not benefit from its breach of this duty to its insureds.

WHEREFORE, CBNA prays for the following relief:

1. That this court decline to exercise its discretionary jurisdiction by dismissing this case.

2. For an order dismissing the plaintiff's claim as it is not ripe.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

3. For an order declaring that Continental has a duty to defend and indemnify CBNA with respect to the underlying claims.

4. For an award of costs and attorney fees to the fullest extent allowed under the law.

5. For such other and further relief as the court may deem fair and equitable under the circumstances.

DATED at Fairbanks, Alaska, this ___21___ day of March, 2006.

COOK, SCHUHMANN & GROSECLOSE

By: _____
Robert B. Groseclose
Alaska Bar No. 7605032

COOK, SCHUHMANN & GROSECLOSE

By: _____
Zane D. Wilson
Alaska Bar No. 9111108

This is to certify that on the __21__ day of March, 2006, a copy of the foregoing is being mailed via first class mail fully prepaid to the following attorney(s) or party(s) of record:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

_____
for Cook Schuhmann & Groseclose, Inc.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Continental Insurance v. CBNA
Answer to Complaint
Page 3 of 3