IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CONTINENTAL INSURANCE COMPANY,   )
)
        Plaintiff,   )
)
v.   )
)
CATHOLIC BISHOP OF NORTHERN   )
ALASKA,   )
)
        Defendant.   )
_____)

Case No. 3:06-cv-00019 RRB

**<u>MEMORANDUM OF COUNSEL IN SUPPORT OF CBNA's MOTION TO DISMISS</u>**

**I.**    **Introduction**

Defendant Catholic Bishop of Northern Alaska ("CBNA") moves to dismiss Continental Insurance Company's ("Continental" or "CNA")[1] declaratory judgment action. As demonstrated below, CNA has waived its right to dispute a duty to defend CBNA and is estopped from denying that it has a duty to defend CBNA in certain affected litigation. Because CNA is obligated to provide CBNA with a defense and because there has been no underlying judgment entered against CBNA for which CNA is potentially liable, coverage issues are not ripe. This court should refuse to exercise its discretionary jurisdiction to hear this declaratory judgment action as there are unresolved issues of state insurance law. CNA has an adequate alternative remedy, namely, a declaratory judgment action in state court.

---

[1] Continental also appears to do business as "CNA", such that both terms of reference are used.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

## II. ARGUMENT

### A. CNA has waived the right to dispute its duty to defend CBNA by failing to preserve that right when notified of claims.

CBNA is the civil law affiliate of the Diocese of Fairbanks, a canon law denomination of the Catholic Church.[2] On July 29, 2003, CBNA provided notice to CNA of various claims stemming from the asserted sexual abuse committed by clergy affiliated with CBNA.[3] Those claims are referred to generally as the "clergy abuse" litigation. CNA responded with a September 17, 2003 letter agreeing unconditionally to participate in the defense of the clergy abuse cases, subject only to a reservation of rights on coverage.[4] Specifically, the September 17, 2003, CNA letter states:

> Based upon the information you have provided and the allegations of the John Does 1 – 6 Complaint, Continental <u>will participate in the defense of this matter</u>. However, questions of <u>coverage</u> exist, therefore the defense will be provided under a reservation of rights, including Continental's right to <u>deny coverage</u> to the extent the Diocese is unable to prove the existence, terms, conditions and/or limits of coverage allegedly issued by Continental.[5]
>
> As stated above, Continental agrees to participate in the defense of the John Does 1 – 6 Complaint under reservation of rights.[6]
>
> As indicated above, <u>questions of coverage exist</u>, as such Continental reserves the right to deny or limit <u>coverage</u> to the Diocese of Fairbanks on the following bases[7]:
>
> Continental reserves the right to withdraw from the defense if it is determined that the alleged Continental policy does not provide <u>coverage</u> or if all potentially <u>covered claims</u> are dismissed.[8]

---

[2] Affidavit of George Bowder (hereafter "Bowder Affidavit")
[3] Exhibit 1 ("tender of defense" letter of 7/29/03) to Bowder Affidavit.
[4] Exhibit 3 (Continental's agreement to defend/reservation of rights letter of 9/17/03) to Bowder Affidavit.
[5] *Id.* at Page 1, paragraph 1 (emphasis added).
[6] *Id.* at Page 4, last paragraph.
[7] *Id.* at Page 5, first full paragraph (emphasis added).

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 2 of 11

> Continental reserves the right to amend its <u>coverage position</u> upon receipt of any additional information.[9]
>
> The right to deny <u>coverage</u> in total or in part as further information as received is specifically reserved.[10]

As the above language demonstrates, CNA unconditionally agreed to provide a defense in this case in its September 17, 2003 letter. Nowhere in CNA's September 17, 2003 letter does CNA reserve the right to litigate whether or not it has a duty to defend. In every instance, CNA's reservation of rights is related to the ultimate issue of coverage, not a duty to defend.

A waiver is an express or implied voluntary and intentional relinquishment of a known or existing right.[11] When a waiver is implied from a party's conduct, that conduct must be clear and unambiguous.[12] Here, CNA's September 17, 2003, letter confirms its awareness of the differences between the duty to defend and a duty to provide coverage indemnity should there ultimately be a judgment entered against an insured. CNA's September 17, 2003 letter could not be clearer: CNA unconditionally accepts the duty to defend and only reserves the right to deny indemnity coverage.[13]

CBNA has relied to its detriment upon CNA's unconditional acceptance of the defense of the underlying matters. As is explained in the accompanying affidavit of CBNA's finance director, George Bowder, CBNA has undertaken the defense of

---

[8] *Id.* at Page 6, paragraph 3 (emphasis added).
[9] *Id.*, paragraph 5 (emphasis added).
[10] *Id.*, paragraph 6 (emphasis added).
[11] *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1253 (Alaska 1988) (internal citations omitted).
[12] *Id.*
[13] Exhibit 3 at page 4, last paragraph, to Bowder Affidavit.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 3 of 11

multiple clergy abuse claims in coordination with and reliance upon CNA's funding pledge. Because those matters are still pending in litigation in state court, CBNA is constrained to only generally report on the defense efforts, without divulging strategies and discussions protected by the attorney client privilege. Nevertheless, as noted in Mr. Bowder's affidavit, CBNA has committed itself for defense costs in an amount exceeding $100,000 that was undertaken in reliance upon CNA's defense commitment.[14]

**B.  CNA is estopped from disputing its duty to defend.**

As set forth above, CNA unambiguously accepted a duty of defense in September 17, 2003. The first notice CBNA received of CNA challenging its duty to defend CBNA was when this declaratory judgment action was filed. This delay in placing CBNA on notice is legally deficient and unacceptable.

"An insurer is required to give the insured such notice of its intention to deny liability and of its refusal to defend as will give the insured a reasonable time to protect himself."[15] "Prompt notice of the basis for denial of coverage or a defense is necessary to avoid prejudice to the insured which may result from delays in the insured undertaking its own defense or from delays in gathering evidence essential to successfully challenge the denial of coverage or a defense."[16] In *Sauer v. Home Indemnity Co*[17]. the court held that the carrier's delay in providing timely notice of its

---

[14] Bowder Affidavit at paragraph 9.
[15] *Sauer v. Home Indem. Co.*, 841 P.2d 176, 182 (Alaska 1992); (citing 7C John A. Appleman, Insurance Law and Practice, 4686 (1979)).
[16] *Id.*
[17] 841 P.2d 176 (Alaska 1992).

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 4 of 11

intent to neither defend nor provide coverage resulted in estopping the carrier's right to deny that coverage.[18]

In *Lloyd's & Inst. of London Underwriting Companies v. Fulton*,[19] the insurer conducted an investigation into the facts before giving the insured notice that the insurer was reserving the right to deny coverage.[20] In *Lloyd's*, the court held that the insurer was estopped from denying coverage because it had breached its duty to give prompt notice of its reservation of rights to do so.[21] *Lloyd's* also held that the delay in notification of a reservation of rights resulted in presumed prejudice to the insured. Specifically, *Lloyd's* held that delay in notification of the reservation of rights is

> …intolerable if it has any adverse effect on an insured party. The need to discourage such overreaching is particularly compelling in insurance cases because of the special fiduciary relationship that exists between an insurer and its insureds, the insurer's particular ability to take advantage of its insured's trust and the typical insurer's vulnerability to overreaching conduct.[22]

CNA's conduct is similar to that in *Lloyd's*, in that CNA did not promptly reserve the right to deny a defense. Much to the contrary, CNA in fact issued a letter to CBNA indicating that it was unconditionally going to participate in the defense of the underlying actions. *Lloyd's*, however, holds that "…the duty to give prompt notice of all rights being reserved is an aspect of the insurer's broader duty to defend its insured…"[23] Here, as in *Lloyd's*, CBNA has been prejudiced by CNA's failure to place CBNA on notice that CNA was challenging its duty to defend CBNA in the underlying litigation. CBNA has

---

[18] *Id.*, at 183.
[19] 2 P.3d 1199 (Alaska 2000).
[20] 2 P.3d 1199, 1201 (Alaska 2000).
[21] *Id.*, at 1204 - 1205.
[22] *Id.*, at 1208 (internal citations omitted).
[23] *Id.*, at 1204-1205.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 5 of 11

undertaken a costly defense of certain state-court based litigation in reliance and anticipation of CNA's participation through its pledged defense.[24]

### C. Given that CNA has waived any issue regarding its duty to defend and is estopped from challenging its duty to defend, there is no issue before the court that is ripe for determination.

While the Ninth Circuit does not appear to have squarely addressed the issue, other circuits hold that indemnity declaratory judgment actions are not ripe unless or until an underlying liability has been established by the entry of judgment in the underlying litigation. In a leading case out of the Seventh Circuit, *Lear Corp. v. Johnson Electric Holdings, Ltd.*,[25] the Seventh Circuit held that under both Delaware law and federal law the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.[26] As the *Lear* court reasoned, its ruling is based upon the Article III Constitutional prohibition against giving advisory opinions:

> A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant. Declaratory decisions about indemnity differ in this respect from the more common decision that an insurer has a duty to defend the client in ongoing litigation. Defense may be required even if there never turns out to be any liability to indemnify; and a court that has devoted considerable effort to determining the scope of

---

[24] *See* Bowder Affidavit.
[25] 353 F.3d 580 (7th Cir. 2003).
[26] *Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); citing *Nationwide Insurance Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("[T]he duty to indemnify is unripe until the insured has been held liable."); *Travelers Insurance Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) ("[T]he determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated").

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 6 of 11

> a defense obligation to resolve the parties' immediate dispute may find it prudent to specify the scope of an indemnity duty at the same time that subject also is in debate.[27]

Other jurisdictions have also followed this same rationale.[28]

This court is constitutionally prohibited from given advisory opinions.[29] Whether there will ultimately be any duty to indemnify in the underlying tort litigation is very much at issue. CBNA has successfully defended these cases to date and has recently obtained an Alaska Superior Court ruling that a claimant's claim is untimely and barred by the statute of limitations.[30] While the superior court's decision is limited to the facts of that case, the facts of the remaining cases have similar statute of limitations problems.[31] In short, this court should dismiss CNA's declaratory judgment action as not being ripe.

### D. This court should decline to exercise its discretionary jurisdiction to hear this declaratory judgment action as there is related state court litigation and CNA has state remedies available to it.

Whether this court should exercise its discretionary jurisdiction to hear a declaratory judgment action is controlled by federal law.[32] *Government Employees Ins.*

---

[27] *Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).
[28] See *Mt. Hawley Ins. Co. v. Steve Roberts Custom Builders, Inc.*, 215 F.Supp.2d 783, 793 (E.D. Texas, 2002) (Duty to indemnify is not ripe in the absence of final judgment in the underlying tort action).
[29] U.S. Const. art. III § 2.
[30] Exhibit 4 (*Ruling upon Statute of Limitations* (2/21/06), *Jane Doe 2 v. Poole et al.*, Case No. 2NO-04-83 CI (Alaska Superior Court, 2d Judicial District at Nome) to Bowder Affidavit.
[31] Bowder Affidavit.
[32] *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996).

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 7 of 11

Co. v. Dizol,[33] holds that the court is to look to Brillhart v. Excess Ins. Co. of America,[34] for guidance on when to retain authority over declaratory judgment actions.

In Brillhart the Court held that

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[35]

Ninth Circuit authority regarding the exercise of discretionary jurisdiction in declaratory judgment actions is somewhat confusing and contradictory. Yet, some principles are discernable. First, while the court is not sua sponte obligated to address whether jurisdiction should be declined,[36] where a party properly raises the jurisdictional issue the court must do so and provide sufficient record of its reasoning in either accepting or declining jurisdiction so as to enable appropriate appellate review.[37] The Brillhart Court's deference to a state court's processing of related issues remains a guiding beacon. Second, federal courts are to avoid needless determination of state law issues and should discourage litigants from filing declaratory actions as a means of foreign shopping:[38]

> [I]n determining whether to exercise its discretionary jurisdiction to reach the merits in an action for declaratory relief, the dispositive question is not whether the pending state proceeding is "parallel", but rather, whether there was a procedural vehicle available to the insurance company in state court to resolve the

---

[33] 133 F.3d 1220, 1223 (9th Cir. 1998).
[34] 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).
[35] Id., at 495.
[36] Government Employees Ins. Co. v. Dizol, 133 F. 3d at 1224.
[37] Id., at 1225.
[38] Id.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 8 of 11

issues raised in the action filed in federal court. If a state court remedy is available to the insurer, the district court must consider whether circumstances exist that overcome the "presumption that the entire suit should be heard in state court"[39]....

Third, disputes between insurance companies and their insureds are to be resolved under state law.[40] To accept jurisdiction the court must explain "how the case before [it] may be distinguished from the general run of insurance coverage cases such that the exercise of a district court's jurisdiction would be unwarranted."[41] Principles of federalism are "'particularly weighty' in insurance cases because 'states are to have a free hand in restricting decisions between insurers and their policyholders.'"[42]

In this case, CNA has the option of seeking legal redress in state court pursuant to AS 22.10.020(g), which provides:

> In case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought.

The state court is appropriately positioned to address the issues raised by plainitff's complaint, including the issue of how the burden of proving insurance coverage terms is allocated.[43] There are presently more than five clergy abuse

---

[39] *Polido v. State Farm*, 110 F.3d 1418, 1423 (9th Cir. 1997) citing *Chamberlain v. Allstate*, 931 F.2d 1361, 1376 (9th Cir. 1991); (reversed as to the court's *sua sponte* duty to review jurisdiction by *Government Employee's Ins. Co. v. Dizol*, 133 F.3d 1220, 1227 (9th Cir. 1998).

[40] *Brillhart*, 316 U.S. at 495.

[41] *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995), *quoted in Polido*, 110 F.3d at 1423-24.

[42] *Polido*, 110 F.3d *at* 1423, further citation omitted.

[43] How the burden of proof is allocated under the unique circumstances of this case appears to be an open question, yet addressed by Alaska Supreme Court. This makes federal deference to a state court resolution all the more appropriate. This would also avoid the need for the federal court requesting certification of state law questions.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 9 of 11

actions pending in Alaska Superior Court against CBNA for similar conduct to which the CNA policy potentially applies.[44] There is nothing to suggest that CNA's declaratory judgment action is anything but the run-of-the-mill insurance dispute between an insurer and its insured.

This court should abstain from exercising its discretionary jurisdiction under these circumstances.[45] It should follow the rationale announced in *Brillhart v. Excess Insurance Company of America*[46] and dismiss CNA's case.

### III. Conclusion

For the reasons stated, this court should dismiss plaintiff's complaint and otherwise decline discretionary jurisdiction as 1) CNA has waived and is estopped from disputing responsibility for CBNA's defense in related litigation, 2) the issue of CNA's exposure to indemnify CBNA is not ripe, and 3) there are unresolved issues of state insurance law.

DATED at Fairbanks, Alaska, this <u>1st</u> day of June, 2006.

COOK, SCHUHMANN & GROSECLOSE

By: <u>s/Robert B. Groseclose</u>
714 Fourth Avenue, Suite 200
Fairbanks, Alaska 99701
(907) 452-1855
(907) 452-8154
bob@alaskalaw.com
Alaska Bar No. 7605032

---

[44] Most of the pending actions involve multiple plaintiffs, with over forty plaintiffs in one case, *James Does et al. v. Catholic Bishop of Northern Alaska et al.*, 4BE-04-322 CI [DOC] (Alaska Superior Court at Bethel). Bowder Affidavit at para. 8.
[45] *Brillhart*, 316 U.S. at 495.
[46] 316 U.S. 491 (U.S. 1941).

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 10 of 11

This is to certify that on the 1st day
of June, 2006, a copy of the foregoing
is being mailed via first class mail fully prepaid
to the following attorney(s) or party(s) of record:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


   s/Robert B. Groseclose
for Cook Schuhmann & Groseclose, Inc.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

Memorandum of Counsel in Support of CBNA's Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 11 of 11