IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CONTINENTAL INSURANCE COMPANY, )
)
        Plaintiff, )
)
v. )
)
CATHOLIC BISHOP OF NORTHERN )
ALASKA, )
)
        Defendant. )
_____)

Case No. 3:06-cv-00019 RRB

### AFFIDAVIT OF GEORGE BOWDER

STATE OF ALASKA        )
                                ) ss.
FOURTH JUDICIAL DISTRICT  )

I, George Bowder, being first duly sworn, state that:

1.    I am the Finance Director for Catholic Bishop of Northern Alaska ("CBNA"). I began working with CBNA as "Diocesan Treasurer" in 1978, but have since acquired the title of Finance Director. I submit this affidavit upon personal knowledge and belief in support of CBNA's Motion to Dismiss.

2.    CBNA is a domestic corporation sole, incorporated on February 13, 1952. Its principal place of business is based at 1316 Peger Road, Fairbanks, Alaska 99709. CBNA is the civil law affiliate of the Diocese of Fairbanks, a canon law denomination of the Catholic Church.

3.    On July 29, 2003, CBNA provided plaintiff Continental Insurance Company (also known as and elsewhere referred to here in as "CNA") with notice of certain claims received by CBNA from persons claiming to have been abused by CBNA

clergy (or volunteers serving CBNA) during time periods believed to include the periods of coverage provided through insurance policies issued by CNA for CBNA's benefit. Attached as Exhibit 1 is a true and correct copy of CBNA's July 29, 2003, notice.

4. CBNA supplemented its **Exhibit 1** notice by providing CNA with various pieces of past correspondence and writings referring to policy number SMP 2 39 06 021. Enclosed as **Exhibit 2**, containing seven pages [document control numbered CBNA.INS.343-349], is a copy of the supplemental items.

5. CBNA then received from CNA a letter dated September 17, 2003, a true and correct copy of which is attached as **Exhibit 3**. This letter accepts the obligation to provide a defense. It does so following a recitation of the "alleged Continental policy," referring to the supplemental items provided by CBNA, as contained in Exhibit 2. The Exhibit 2 documents implicate an insurance relationship existing between CNA and CBNA from 1974 (arguably from October, 1973) to 1979, when CBNA procured coverage through Catholic Mutual.

6. Based upon and in reliance upon Exhibit 3, CBNA undertook to defend certain clergy abuse litigation. CBNA performed research and assembled information supportive of its defense. In coordination with CNA, CBNA asserted application of the statute of limitations. Based upon state trial court rulings in the John Does 1-6 matter referenced in Exhibit 3, CBNA further coordinated with CNA and another of CBNA's carriers in petitioning the Alaska Supreme Court to review the trial court's ruling upon CBNA's Motion to Dismiss. That petition was accepted, further briefed, and was orally argued to the Alaska Supreme Court in September, 2004, under Alaska Supreme Court file name: *Catholic Bishop of Northern Alaska, petitioner v. John Does 1-6,*

*respondents*, Alaska Supreme Court Case No. S-11295. That case is pending decision by the Alaska Supreme Court.

7. In further reliance upon CNA's pledge to provide a defense to CBNA, other clergy abuse claims have been defended, with the defense in those various other instances being either still ongoing or resolved through settlement.

8. CBNA is currently facing approximately 100 claims asserting past clergy abuse. These include:

    a. (legal office internal file coding 303.15) - CBNA re John Does 2-6, 8-18)(Convert)(4BE-03-177 CI)
    b. 303.12 - CBNA re Hess (not filed; settled March 2005)
    c. 303.13 - CBNA re Lundowski [i.e.James Does v. CBNA,4BE-04-322 [DOC] pending before the Alaska Superior Court in Bethel.
    d. 303.14 - CBNA re Jane Doe 2 v. Poole et al. [Case No. 2NO-04-83 CI](This case is pending reconsideration by the court of a *Ruling upon Statute of Limitations,* entered February 21, 2006, a true and correct copy of which is attached as **Exhibit 4**.)
    e. 303.15 - CBNA re Jack Does (Llorente and Nawn)(4BE-04-369 CI)
    f. 303.18 - CBNA re McCaffrey (4BE-05-290 CI)
    g. 303.21 - CBNA re Jane Doe 3 (2NO-05-56 CI)
    h. 303.22 and 27 - CBNA re Jacobson (4BE-03-177 CI)
    i. 303.23 - CBNA re Laudwein (4BE-05-354 CI)
    j. 303.24 - CBNA re Jane Does 4-5 (2NO-05-84 CI)
    k. 303.26 - CBNA re Jake Doe (Eordogh) (4BE-06-45 CI)

While not all of the above matters allege events arising during the 1973-1979 window of disputed CNA insurance coverage, notably the *John Doe (Convert)* and *Jane Doe 2 (Poole)* cases do so allege, at least in part. These two items of litigation have involved significant defense efforts, particularly given that the *John Doe* matter is the subject of a pending Alaska Supreme Court appeal, and *Jane Doe 2* was scheduled for trial to begin in late February, 2006, but resulted in a virtual eve-of-trial order dismissing the complaint. That order, as noted above, is attached as Exhibit 4.

9. Without CNA honoring its pledged defense, CBNA will be prejudiced by in excess of $100,000 in funding commitments that CBNA would not have entered into but for CNA's pledged defense.

DATED this 31st of May, 2006.

*[signature]*
George Bowder

SUBSCRIBED AND SWORN to before me this 31st day of May, 2006.

*[signature]*
Notary Public in and for the State of Alaska
My Commission expires: 11/9/08

(SEAL)

This is to certify that on the 1st day of June, 2006, a copy of the foregoing is being mailed via first class mail fully prepaid to the following attorney(s) or party(s) of record:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

*[signature]*
for Cook Schuhmann & Groseclose, Inc.