IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

SECOND JUDICIAL DISTRICT AT NOME

| | |
|---|---|
| JANE DOE 2, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JAMES E. POOLE, S.J.; CATHOLIC ) <br> BISHOP OF NORTHERN ALASKA; ) <br> THE SOCIETY OF JESUS, OREGON ) <br> PROVENCE; and THE SOCIETY OF ) <br> JESUS, ALASKA, ) <br> Defendants. ) <br> _____ ) | Filed in the Trial Courts <br> STATE OF ALASKA, SECOND DISTRICT <br> at NOME <br><br> FEB 21 2006 <br><br> By_____Deputy |

Case No 2NO-04- 83 CI

### RULING ON STATUTE OF LIMITATIONS

In an earlier ruling, this court found that genuine issues of fact prevented entry of summary judgment on the issue of the statute of limitations as to the Bishop of Northern Alaska and the Society of Jesus. Thereafter, an evidentiary hearing was held to address the application of the statute to those defendants. The court has considered the arguments of counsel and the testimony presented at the hearing, the exhibits offered and admitted, and the deposition excerpts of the plaintiff and Fr. Loyens.

The plaintiff urges that this court use the discovery rule to excuse the plaintiff's delay in filing the complaint in this action. Alternatively, the plaintiff asks that this court specifically address the issue of equitable estoppel as it applies to the remaining defendants. The defendants argue that in the factual context of this case the discovery rule cannot operate to extend the statute for the twenty-two years that elapsed between the original date of its expiration and the date on which the complaint was actually filed. They further argue that neither defendant committed any act which could have caused the plaintiff to forego institution of a lawsuit.

The Alaska formulation of the discovery rule operates in three possible ways.

Exhibit   4
Page   1   of  6

> (1) a cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action;
> (2) a person reasonably should know of his cause of action when he has sufficient information to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a point when a reasonable time remains within which to file suit.

*Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991)

> (3) where a person makes a reasonable inquiry which does not reveal the elements of the cause of action within the statutory period at a point where there remains a reasonable time within which to file suit, the limitations period is tolled until a reasonable person discovers actual knowledge of, or would again be prompted to inquire into, the cause of action.

*Pedersen v. Zielski*, 822 P.2d 903, 908 (Alaska 1991).

The defendants argue that Doe made no reasonable inquiry and the plaintiff apparently does not dispute this claim. She disclosed the abuse to two priests and a relative, but no evidence exists of an actual inquiry. Therefore, the third method for extending the deadline of the statute of limitations has no application. The defendants also argue that Doe was at all times aware that Fr. Poole was a priest of the Roman Catholic Church and was affiliated with the Society of Jesus.

This court has already ruled that Doe must have been aware that Poole had wrongfully injured her when he sexually abused her, impregnated her, and induced her to obtain an abortion to terminate the pregnancy. The defendants argue that a reasonable person in Doe's situation would use the fact that Poole was a priest to make inquiry to determine whether there may be some responsibility born by the Bishop who employed him to run the local radio station or the Jesuit Order who supervised him. Evidence from the hearing supports the argument that Poole was well known in the area and closely associated with a radio station owned by the Catholic Bishop. It was also clear that Poole was regularly referred to as a member of the Jesuit Order.

2

Exhibit 4
Page 2 of 6

The plaintiff offers the expert testimony of Dr. Sperbeck who opined that Ms. Doe was suffering psychological consequences of the abuse which impaired her ability to protect herself. He testified that until others came forward she could not confront what had happened to her. He further testified that she had no subjective awareness of a claim against the defendants and did not understand her rights. However, the plaintiff specifically disclaimed any reliance on incapacity to toll the statute at the evidentiary hearing. The plaintiff did assert, however, that any reasonable inquiry that may have been undertaken in the past would have been unavailing. That claim is based on the testimony of Fr. Thomas Doyle and Fr. Loyens.

Father Doyle testified that there were special secret church rules in place between 1962 and May 2001 which required total secrecy with respect to charges of sexual abuse of minors. According to these rules, a priest or other clerical official was forbidden to disclose to secular authorities such claims. He also testified of church teachings which make it sinful for a member of the church to do something that is harmful to a priest. This, he testified, would include taking actions which would require the priest to be brought into court. The deposition testimony of Fr. Loyens supported the contention that a report of child molestation would have been handled internally by the church at the time of Ms. Doe's abuse.

However, the discovery rule does not address the situations discussed by the witnesses. Here, the plaintiff's remaining causes of action are for (1) negligent supervision and (2) that Poole's abuse was aided by his agency as a member of the Catholic clergy. Doe knew that she had been harmed by a priest. A reasonable person in her position would have known that the priest was employed by a local radio station that was owned by the Catholic Bishop of Northern Alaska. The testimony of Thomas Busch indicated that Fr. Poole was well known in Northwestern Alaska to be affiliated with the Society of Jesus. While the Catholic Church, at that time, would have been

unwilling to disclose allegations of abuse, Ms. Doe had knowledge of the abuse. Ms. Doe was subjectively unwilling or unable to take steps to protect herself, but the discovery rule is based on objectively reasonable conduct.

Objectively, a person who was aware that they had been injured by a priest would reasonably be aware that the priest is subject to a hierarchy which is responsible for his supervision, placement and direction. This seems to be true of even a person of Ms. Doe's cultural background and upbringing. Fr. Doyle testified that generally people don't know the difference between a diocesan priest and a member of an order. This evidence was supported by Thomas Busch. However, this does not work to the plaintiff's advantage because there is nothing to suggest than an inquiry into that issue would have been unavailing.

The court must find that Ms. Doe reasonably should have discovered all of the elements of her causes of action against the Catholic Bishop of Northern Alaska and the Society of Jesus more than two years before this action was filed.

Alternatively, the plaintiff asks the court to directly address the equitable estoppel theory for tolling the statute of limitations. She bases the claim for equitable estoppel on the failure of either Fr. Endahl or Fr. Ornowski to direct her to report Poole's abuse to the Bishop. Alternatively, she claims that the remaining defendants committed fraud by omission and failed to report sexual problems of which they were aware.

Our Supreme Court has explained the effect of equitable estoppel on the statute of limitations as follows:

> A different discovery rule applies where equitable estoppel has been advanced as a defense to the statute of limitations. In order to establish equitable estoppel, "a plaintiff must produce evidence of fraudulent conduct upon which it reasonably relied when forebearing

> from the suit." *Pedersen v. Zielski*, 822 P.2d 903, 908-09 (Alaska
> 1991), quoting *Gudenau & Co., Inc. v. Sweeney Ins., Inc.*, 736 P.2d
> 763, 769 (Alaska 1987). The fraudulent conduct may be either an
> affirmative misrepresentation, or a failure to disclose facts where
> there is a duty to do so. Id. at 909.

*Waage v. Cutter Biological Div. of Miles Laboratories, Inc.*, 926 P.2d 1145, 1149 (Alaska 1996).

Fr. Doyle, an expert in Catholic Church administration, testified that the proper course of conduct was for Ms. Doe to be encouraged to make a report of the abuse by the priests taking her confession. Ms. Doe testified that she told both priests of the actions of Poole. But neither did anything but direct her to perform penance. The plaintiff suggests that the failure of either Fr. Ornowski or Fr. Endahl to encourage her to report the abuse constitutes the sort of intentional non-disclosure that would trigger application of the equitable estoppel doctrine. However, nothing in the evidence produced yet suggests that Ms. Doe relied on this failure of the two priests to give such advice as the basis for delaying the filing of her suit until 2004.

The plaintiff advanced a broader equitable estoppel claim in earlier pleadings which this court did not directly address. There, the plaintiff argued that equitable estoppel applied because the Catholic Bishop and the Jesuits allegedly had knowledge of Poole's sexual misdeeds and did nothing to prevent further incidents. The only thing that was done was to transfer Poole from St. Marys to Nome. The plaintiff argues that the defendants had a duty to disclose actual or suspected abuse and did not. This, she argues, is a fraudulent statement by omission. Impliedly, she further argues that this silence resulted in her decision to forego suit until she learned of the allegations of another victim, Jane Doe 1. At that point, she took timely action and instituted suit against Fr. Poole as well as the Bishop and the Jesuits.

The defect with that argument is that the alleged fraudulent misrepresentation by the institutional defendants occurred before Doe's injuries at the hands of Poole. The court cannot

5

Exhibit 4
Page 5 of 6

understand how Doe can avail herself of the doctrine of fraudulent misrepresentation tolling the statute of limitations when that conduct preceded her abuse. Alternatively, it coincided with her abuse and continued thereafter, but she could not have relied on any such misrepresentation once she had been abused by Poole. She must have known that any implicit assertion by the Bishop or the Jesuits that Poole was a priest who conformed his conduct to the tenants and teachings of the Church was wrong.

The court is aware that the conclusions reached herein will prevent Jane Doe 2 from being able to present her claims and possibly seek some small measure of redress. If the events alleged are, in fact, true then she has been subjected to outrageous conduct by a person who should be in jail. However, the statute of limitations sometimes works hard results. The result here may be as unfortunate for the plaintiff as was the result in *State, Dept. of Corrections v. Welch*, 805 P.2d 979 (Alaska 1991). There, parents of a child who was sexually assaulted and murdered by an allegedly improperly supervised probationer were barred from the courts. Here, a woman who was allegedly sexually abused by a poorly supervised priest and who has suffered lifelong psychological problems as a result will not be able to present her claims. This will be seen as unjust by many people, but is, I believe, required by the laws of the State of Alaska and the decisions of the Alaska Supreme Court.

For the reasons set out herein, the court hereby orders the claims of the plaintiff against the Catholic Bishop and the Society of Jesus DISMISSED.

DATED AT NOME, ALASKA This 21st day of February, 2006.

BEN ESCH
Superior Court Judge

I certify that on 2/21/06
a copy of the foregoing was mailed/given to:
Roosa, Grose close Lynch
Cooski, Manly, Thomas
Clerk TB



6

Exhibit 4
Page 6 of 6