IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CATHOLIC BISHOP OF NORTHERN ALASKA, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:06-cv-00019 RRB |

### PLAINTIFF'S OPPOSITION TO CBNA'S MOTION TO DISMISS

Plaintiff Continental Insurance Company ("Continental" or "Plaintiff") files this memorandum in opposition to the Motion to Dismiss filed by Defendant Catholic Bishop of Northern Alaska ("CBNA"). CBNA alleges that Continental issued a primary liability insurance policy to CBNA covering the period from 1974 through 1979 (the "Alleged Policy"). As alleged in Continental's Complaint, Continental properly reserved its rights to challenge both the existence of the Alleged Policy and the alleged duties to defend and indemnify under the Alleged Policy. (CBNA attached one such reservation letter, the September 17, 2003 Reservation of Rights letter to CBNA ("ROR Letter" or "Continental's ROR Letter") (Declaration of Frederic W. Juengling ("Juengling Decl."), Ex. 3) to its motion.) Continental has not waived, and should not be estopped from challenging, these alleged duties under the Alleged Policy.

CBNA also challenges the complaint on ripeness and jurisdictional grounds. These arguments are meritless and should be rejected by this Court.

### ARGUMENT

CBNA has framed its motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When determining if a complaint states a claim upon which relief can be granted, "[a]ll

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 1 of 13

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Thompson v. David, 295 F.3d 890, 895 (9th Cir. 2002). The court will look only at the face of the complaint to determine jurisdiction. Gilliam v. Barton, 353 F. Supp. 2d 1068, 1070 (D. Alaska 2005), citing 2 James W. Moore, MOORE'S FEDERAL PRACTICE, § 12.30[4] at 12-38 (3d ed. 1977). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Thompson, 295 F.3d at 895.

CBNA, however, has attached materials outside the complaint to its motion, including the Affidavit of George Bowder ("Bowder Aff.") and exhibits thereto. Rule 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

As discussed below, CBNA's motion can meet neither the Rule 12(b)(6) standards nor the Rule 56 standards, and it should be denied as a matter of law. If the Court is not inclined to deny CBNA's motion, however, Continental requests leave to continue the motion pending the completion of discovery pursuant to Fed. R. Civ. P. 56(f).

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 2 of 13

**A.    Continental Properly Reserved Its Right To Deny Coverage (Including Defense And Indemnification) Of The Underlying Clergy Abuse Cases Against CBNA.**

CBNA's memorandum makes the factual assertion that Continental "unconditionally agreed to provide a defense" for the underlying tort cases (the "Clergy Abuse Cases") and did not "reserve the right to litigate whether or not it has a duty to defend," (CBNA Mem. at 3) and on that basis, CBNA argues that Continental waived and is estopped from pursuing a declaratory judgment from this Court that Continental owes no duty to defend. (CBNA Mem. at 2-6). This argument is factually inaccurate, legally deficient, and must be denied.

Continental's Complaint states, "Despite not knowing the Alleged Policy's terms, or if there was a policy in effect, Continental has agreed to provide a defense to CBNA to certain of the Underlying Abuse Claims, <u>subject to a complete reservation of rights, specifically including the right to deny coverage and the right to recoup defense costs</u> relating to uncovered claims." (Complaint at ¶ 11 (emphasis added).) If CBNA's motion is considered a motion to dismiss, this allegation must be taken as true and construed in the light most favorable to Continental. <u>See</u> <u>Thompson</u>, 295 F.3d at 895. Under this standard, CBNA's assertions regarding the scope of the reservation of rights letter must be rejected, and the waiver and estoppel arguments that are premised on those assertions must also be rejected.

CBNA's motion fails even if it is considered one for summary judgment. Contrary to CBNA's representations, Continental never "agree[d] unconditionally to participate in the defense of the clergy abuse cases." (CBNA Mem. at 2.) Instead, and as quoted in CBNA's memorandum, Continental indicated that it would "<u>participate in the defense of this matter</u>, and that, because "questions of <u>coverage</u> exist," such "defense will be provided under a reservation of rights." (<u>Id.</u>, <u>quoting</u> Juengling Decl., Ex. 3, p. 1 (Continental's ROR Letter)

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
<u>Continental Ins. Co. v. Catholic Bishop of Northern Alaska</u>; Case No. 3:06-cv-00019 RRB
Page 3 of 13

(emphasis added by CBNA).)  Moreover, in language not quoted by CBNA in its memorandum, Continental made the following additional statements:

- "Continental agrees to participate in the defense . . . under a reservation of rights."  (Juengling Decl., Ex. 3, p. 4 (Continental's ROR Letter).)

- "Continental reserves the right to obtain reimbursement for amounts expended in the defense, settlement or resolution of uncovered claims." (Id. at 6.)

- "Continental reserves the right to withdraw from the defense if it is determined that the alleged Continental policy does not provide coverage or if all potentially covered claims are dismissed."  (Id.)

- "Continental reserves the right to refuse to pay any indemnity expenses in the event the Diocese is unable to prove the policy period, terms, conditions and/or limits of any alleged Continental policy."  (Id.)

Nowhere did Continental indicate that it was "agreeing unconditionally to participate in the defense of the clergy abuse cases, subject only to a reservation of right on [indemnity,]"[1] as suggested by CBNA.  (CBNA Mem. at 2.)

Moreover, reading the ROR Letter in context makes clear that the term "coverage," as used in the letter, refers to both the indemnity and defense components of the alleged policy, see 17-120 APPLEMAN ON INSURANCE § 120.2 (2d ed.), especially considering that all inferences of facts are to be viewed in the light most favorable to Continental.  Diebold, 369 U.S. at 655.  CBNA's assertion that Continental did not properly reserve its right to contest its alleged duty to defend cannot be sustained.

---

[1] Continental substitutes the term "indemnity" for the term "coverage" in the quotation because the arguments in CBNA's memorandum are based on the incorrect view that "coverage" means only "indemnity" and not both indemnity and defense.  While "coverage" includes both the duty to defend and indemnify (17-120 APPLEMAN ON INSURANCE § 120.2 (2d ed.)), Continental believes the substitution of terms in the quotation best conveys CBNA's position.

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 4 of 13

B. **Continental Has Not Waived Any Rights To Dispute A Potential Duty To Defend Under The Alleged Policy.**

Considering only the complaint, and taking Continental's allegations as true, the Court cannot find that Continental waived its right to dispute any alleged duty to defend because the complaint alleges that it agreed to defend CBNA "subject to a complete reservation of rights, specifically including the right to deny coverage and the right to recoup defense costs relating to uncovered claims." (Complaint at ¶ 11.) Even if the Court considers the materials introduced by CBNA and treats the motion as a summary judgment, it will reach the same conclusion.

The Alaska Supreme Court has stated, "[w]aiver is generally defined as the intentional relinquishment of a known right. . . . A waiver can be accomplished either expressly or implicitly." Milne v. Anderson, 576 P.2d 109, 112 (Alaska 1978) (internal quotations and citations omitted). As the Alaska Supreme Court explained:

> An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to another party. . . . To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver.

E.g., Milne, 576 P.2d at 112; Anchorage Chrysler Ctr. v. Daimler Chrysler Corp., 129 P.3d 905, 917 (Alaska 2006); McGee v. McGee, 974 P.2d 983, 991 (Alaska 1999); Wausau Ins. Cos. v. Van Biene, 847 P.2d 584, 588 (Alaska 1993).

Continental's ROR Letter informed CBNA that it was uncertain of its duty to defend under the Alleged Policy and that it was thus reserving its rights to contest the issue. (See the ROR language, quoted at p. 4 above.) Continental specifically stated in its ROR Letter that it was "reserv[ing] the right to obtain reimbursement for amounts expended in the defense,

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 5 of 13

settlement or resolution of uncovered claims," and "reserv[ing] the right to withdraw from the defense if it is determined that the alleged Continental policy does not provide coverage or if all potentially covered claims are dismissed." (Juengling Decl., Ex. 3, p. 6 (Continental's ROR Letter).)  These statement cannot be construed as an unconditional acceptance of the defense of CBNA, especially considering that all inferences drawn are to be viewed in the light most favorable to Continental.  (Diebold, 369 U.S. at 655.)

CBNA's claims of detrimental reliance are insufficient to support a finding of waiver.  CBNA's only purported injury is that it "has undertaken the defense of multiple clergy abuse claims in coordination with and reliance upon [Continental's] funding pledge." (CBNA Mem. at 4 (emphasis added).)  Before receiving Continental's letter, however, CBNA informed Continental that it intended to "proceed[] with those steps which serve its interests." (Juengling Decl., Ex. 2 (7/29/03 Notice Letter).)  In fact, CBNA had defense counsel in place before Continental began to participate in the defense of the Clergy Abuse Cases. (See Juengling Decl., Ex. 1 (1/28/03 Letter from underlying plaintiffs' counsel to defense counsel R. Groseclose, Esq.).)  CBNA's claimed detrimental reliance shows neither reliance nor any detriment.  If this Court does not reject CBNA's motion as a matter of law, Continental requests the opportunity to conduct discovery into the nature and extent, if any, of CBNA's detrimental reliance, and then file a supplemental opposition. (Juengling Decl. ¶ 10.)

C.   **Continental Is Not Estopped From Disputing Its Potential Duty To Defend.**

CBNA argues that Continental is estopped from disputing a duty to defend because it did not timely provide notice that it would be doing so. (CBNA Mem. at 4.)  On a motion to dismiss standard, this assertion fails as a matter of law because the complaint alleges that it agreed to defend CBNA "subject to a complete reservation of rights, specifically including

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 6 of 13

the right to deny coverage and the right to recoup defense costs relating to uncovered claims." (Complaint at ¶ 11.) If the Court considers the materials introduced by CBNA and treats the motion as one for summary judgment, it will reach the same conclusion.

In O'Neill Investigations v. Illinois Employers Ins., the Supreme Court of Alaska set forth the four requirements that must be met to establish estoppel:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

636 P.2d 1170, 1177-78 (Alaska 1981) (internal quotations and citations omitted). Here, drawing inferences in the light most favorable to Continental, there is no basis on which to conclude that Continental intended to mislead CBNA into believing that it was providing an unconditional defense of the Clergy Abuse Cases. As discussed above, Continental used clear and understandable language in its ROR Letter to inform CBNA that it was reserving its right to challenge its alleged duty to defend and indemnify CBNA under the Alleged Policy.

CBNA's argument of detrimental reliance was addressed herein at p. 6. Just as CBNA's claim of detrimental reliance was insufficient to support a finding of waiver, it is insufficient to support the finding of an injury. Considering Continental's lack of intent to mislead CBNA and CBNA's lack of injury, the Court cannot apply estoppel.

D.  **Continental's Complaint Is Ripe For Determination.**

Alaska courts have repeatedly allowed insurance companies to bring declaratory judgment actions to determine whether an insured is entitled to coverage under a policy. See, e.g., Estes v. Alaska Ins. Guar. Ass'n, 774 P.2d 1315, 1318 n.1 (Alaska 1989) ("[insurance companies] are entitled to bring declaratory judgment actions to determine coverage at their own

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 7 of 13

convenience"); <u>Providence Wash. Ins. Co. v. Valdez</u>, 684 P.2d 861, 862 (Alaska 1984) (where an insurance company "instituted a declaratory judgment action against [insured], seeking a declaration that the liability insurance policy it had issued to [insured] did not cover punitive damages" before there was any finding of punitive damages, the court allowed the action to go forward because "[t]he parties have adverse interests of sufficient immediacy to warrant [the court's] consideration of th[e] declaratory action"); <u>Johnson v. United States Fidelity & Guar. Co.</u>, 601 P.2d 260, 261 (Alaska 1979) (insurer brought declaratory judgment action "to determine [] scope of its insurance coverage"); <u>U.S. Fire Ins. Co. v. Colver</u>, 600 P.2d 1 (Alaska 1979) (insurers "sought a declaratory judgment in the superior court that the comprehensive general liability policies which they had issued to [the insured], a builder, did not cover damages allegedly caused by [the insured's] negligence and breach of various warranties in the construction of a house"); <u>Hart v. Nat'l Indem. Co.</u>, 422 P.2d 1015, 1016 (Alaska 1967) (insurer filed declaratory judgment action asserting that the policy did not afford coverage); and <u>Lumbermens Mut. Cas. Co. v. Continental Cas. Co.</u>, 387 P.2d 104, 105 (Alaska 1963) (same).

Interestingly, CBNA's own initial disclosures recognize the ripeness of these issues: "<u>CBNA seeks a judgment establishing Continental's liability, as CBNA's insurer, to cover defense and indemnity</u> upon coverage terms comparably marketed to 'SMP' policies issued during the period in question." (Juengling Decl., Ex. 4, p. 4 (CBNA's Rule 26 Disclosures) (emphasis added).)  Moreover, the complaint seeks reimbursement "for all sums paid by Continental in defense costs pursuant to Continental's reservation of rights." (Complaint at p. 6.)  CBNA does not dispute the ripeness of this portion of the complaint. Accordingly, CBNA's ripeness challenge must fail.

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
<u>Continental Ins. Co. v. Catholic Bishop of Northern Alaska</u>; Case No. 3:06-cv-00019 RRB
Page 8 of 13

E.   **CBNA Provides No Basis On Which This Court Should Decline Jurisdiction.**

Continental filed this declaratory action pursuant to diversity jurisdiction. Continental is a South Carolina corporation with its principal place of business in Chicago, Illinois. CBNA is an Alaskan corporation sole with its principal place of business in Fairbanks, Alaska. CBNA is a defendant in the Clergy Abuse Cases, and thereby is potentially liable for claims against priests affiliated with CBNA. CBNA contends Continental issued an insurance policy that would apply to these claims. Given the nature of those tort actions, the amount in controversy here exceeds $75,000. (See Bowder Aff. at ¶ 9 (CBNA is claiming damages in excess of $100,000).) Therefore, this Court, has original subject matter jurisdiction premised on diversity. This fact is uncontested.

The Declaratory Judgment Act gives a federal court discretionary jurisdiction to "declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). A district court's determination to exercise or deny this jurisdiction focuses on whether the question in controversy between the parties brought in federal court could "better be settled in the proceeding pending in the state court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). Even the pendency of a state court action does not necessarily require the district court to decline jurisdiction. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). There is no presumption favoring abstention in declaratory actions, including those regarding insurance coverage. Id. Indeed, the Ninth Circuit is aware of "no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Id., citing Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992).

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 9 of 13

The threshold inquiry for the district court is to determine whether the federal and state actions are parallel. Id. at 1225. See Wilton, 515 U.S. 277, 283 (parallel actions are ones that present an opportunity for ventilation of the same issues); American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth concurring) (first and foremost, the district court should determine if cases are parallel) (collecting cases). Brillhart and subsequent cases set forth factors for consideration by the district court when inquiring into a pending state court action: whether the claims of all parties in interest can be satisfactorily adjudicated in the state court proceeding; whether all necessary parties have been joined, and; whether parties are amenable to process in the state court proceedings. Brillhart, 316 U.S. at 495.

Continental's action seeks a declaration of its obligations, if any, to provide insurance coverage for CBNA. Although such coverage, if determined to exist, will apply to any liability of CBNA from the tort actions, the primary issue in this action is the existence of a policy and its terms. CBNA argues this Court should abstain from exercising its jurisdiction for this action while the Clergy Abuse Cases are pending in state court. (CBNA Mem. at 10-11). These state tort actions, however, are wholly unrelated to a declaration regarding the existence of a policy. Where there is a coverage dispute and the underlying tort litigation will not determine any relevant fact of the coverage at issue, the parties "will always be required to litigate in a separate proceeding, i.e., a declaratory judgment proceeding." Ryan on behalf of The Syndicates and Ins. Cos. Subscribing to Policy PHP91-4699, 902 F. Supp. 1064, 1068 (D. Alaska 1995) (internal citation omitted).

The Clergy Abuse Cases pending in the state court are claims against CBNA brought by individuals alleging sexual abuse by priests affiliated with CBNA. Individual claimants filed those claims against the abusive priests, CBNA, and the Jesuit Orders of Oregon

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 10 of 13

and Alaska. Most importantly, Continental is not and, because Alaska does not permit direct actions against carriers, will not become a party in any of the state court actions, making it impossible for Continental's interests to be resolved in those proceedings.[2] See Id., at 1068 (Alaska does not allow a direct action against an insurer in such cases).

The instant action relates to CBNA's claim that Continental issued it a general liability policy in 1974 for insurance from 1974 through 1979 that would apply to the Clergy Abuse Cases. Neither party has located the Alleged Policy, and CBNA has presented Continental with no evidence of the terms, conditions, or limits of coverage that may have been included in the alleged policy. The issues presented by Continental's action are limited to the existence of a policy and any terms of coverage. The specifics of the tort claims pending against CBNA in state court are therefore entirely unrelated to this dispute. See Brillhart, 316 U.S. at 495 (the court must determine if each parties' interests will be adequately addressed and resolved by the pending state action).

This action is analogous to the insurer's action in Albany Ins. Co. v. Jones, where the district court determined it had proper jurisdiction to declare the liability of an insurer because no parallel action existed in state court. No. A95-330CV, 1996 WL 938330, at *2 (D. Alaska June 13, 1996). In Albany, the plaintiff insurer filed its action for declaratory relief, and the defendant counterclaimed. Id. at *1. Three months later, the defendant filed an action in state court seeking a declaratory judgment holding the insurer liable under the defendant's policy. Id. The defendant shortly thereafter sought to dismiss or stay the insurer's federal claim pending the resolution of the state court matter. Id. Because there was no parallel – or even

---

[2] CBNA contends Continental should seek legal redress in state court pursuant to AS 22.10.020(g). That statute states the Superior Court has jurisdiction to declare a party's rights and such declaration will be reviewable as a final judgment, but does not, however, require a party to first seek relief in a state court, nor could it do so given a diverse party's explicit right to have its claims resolved in federal court.

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 11 of 13

related – action pending in state court at the time the plaintiff filed its federal claim, and the declaration regarding coverage would inevitably need to be resolved, the district court properly exercised its jurisdiction to adjudicate the coverage issues brought by the insurer. Id. at *2. As in Albany, a decision here can be rendered by this Court independent of the state claims, and will determine Continental's obligations to CBNA should liability to CBNA result from the state litigation.

Continental is not forum shopping as CBNA suggests. (CBNA Mem. at 8.) Rather, a refusal by this Court to retain jurisdiction over this action would allow CBNA to choose the state court system over this court, as Continental would be forced to bring its independent action in the state system. See Ryan, 902 F. Supp. at 1067 (because the insurer could not be joined in the state action, it would be forced to file a separate action to address coverage issues, allowing forum shopping by the defendant).

CBNA's claim that jurisdiction should be refused because the case requires the interpretation of state law ignores the fact that federal courts routinely apply state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal courts sitting in diversity apply the law of the state in which they sit).

In sum, CBNA provides no basis on which jurisdiction should be refused. Continental's action satisfies the requirements for diversity jurisdiction, and no parallel state court action has been presented with the issues addressed in the complaint.

## **CONCLUSION**

For the foregoing reasons, this Court should deny CBNA's motion to dismiss Continental's complaint.

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 12 of 13

Dated at Anchorage, Alaska this 19th day of June, 2006.

By:   s/Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: 907-793-2200
Fax: 907-793-2299
Alaska Bar No. 7505048

By:   s/Laura K. McNally
Grippo & Elden LLC
111 S. Wacker Dr.
Chicago, IL 60606
Phone: 312-704-7719
Fax: 312-558-1195
Admitted pro hac vice

Attorneys for plaintiff
Continental Insurance Company

CERTIFICATE OF SERVICE
I hereby certify that on the 19th day of June, 2006, a copy of the foregoing document was served electronically on:

Robert B. Groseclose, Esq.

Guess & Rudd P.C.

By: s/Gary A. Zipkin

94125v3
Plaintiff's Opposition to CBNA's Motion to Dismiss
Continental Ins. Co. v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-00019 RRB
Page 13 of 13