IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br>　　　　Plaintiff,<br>vs.<br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 3:06-cv-00019 RRB<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF FREDERIC W. JUENGLING

I, **FREDERIC W. JUENGLING**, state that:

1. The following facts are personally known to me, and if called to testify, I could and would competently testify thereto.

2. I am and have been employed by Continental Casualty Company since October 21, 1991. In June 1995, Continental Casualty Company merged with Continental Insurance Company. My current position is Claims Consultant in the Environmental and Mass Tort Claims unit of Continental Casualty Company.

3. Since approximately April 8, 2005, I have been the Claims Consultant responsible for the clergy abuse bodily injury claims filed against the Catholic Bishop of Northern Alaska ("CBNA").

4. On January 28, 2003, counsel for underlying claimants sent a letter to Robert B. Groseclose, Esq., counsel for CBNA. A true and correct copy of the January 28, 2003 letter is attached as Exhibit 1.

5. On July 29, 2003, CBNA notified Continental Insurance Company ("Continental") of certain claims received by CBNA from persons claiming to have been abused by persons affiliated with CBNA (including clergy members). CBNA believes these claims were

94808v1

covered by a policy Continental allegedly issued to CBNA (the "Alleged Policy"). A true and correct copy of the July 29, 2003 letter is attached as Exhibit 2.

6. On September 17, 2003, Tracy L. Smith, a former Continental Casualty Company claims analyst, sent a reservation of rights letter to CBNA in which Continental properly reserved its right to dispute coverage, including the duties to defend and indemnify, under the Alleged Policy. A true and correct copy of the September 17, 2003 letter is attached as Exhibit 3. Continental did not intend to waive any rights to dispute coverage (including both the duties to defend and indemnify) under the Alleged Policy in the September 17, 2003 or subsequent correspondence.

7. Continental initiated this declaratory judgment action on January 19, 2006 to determine Continental's obligations to CBNA, if any, under the Alleged Policy.

8. Continental and CBNA have exchanged pre-discovery disclosures pursuant to Federal Rules of Civil Procedure Rule 26. A true and correct copy of CBNA's Pre-Discovery Disclosures is attached as Exhibit 4.

9. Discovery has only begun in this case, and no depositions have yet been taken.

10. If the Court were to treat CBNA's Motion to Dismiss as a summary judgment motion under Rule 56 and consider materials other than Continental's complaint, Continental would need to take discovery from the Diocese and co-insurers in order to properly respond to CBNA's claim of detrimental reliance.

94808v1

I declare under penalty of perjury that the foregoing is true and correct.

June 19, 2006

                                                            _____
                                                            Frederic W. Juengling