IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CONTINENTAL INSURANCE COMPANY,  )
                                )
                    Plaintiff,  )
                                )
v.                              )
                                )
CATHOLIC BISHOP OF NORTHERN     )
ALASKA,                         )
                                )
                    Defendant.  )
_____)

Case No. 3:06-cv-00019 RRB

### CBNA'S REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendant Catholic Bishop of Northern Alaska ("CBNA") replies below to Plaintiff's Opposition to Motion to Dismiss.

1.    **Continental did not reserve its right to deny defense coverage.**

Continental seeks to inject a question of fact as to whether it reserved its right to deny a defense to CBNA in the underlying "clergy abuse" litigation. Continental cites to language *in its complaint,* not to language in the operative reservation of rights correspondence.[1] Continental argues that whether it waived its right to reserve its duty to defend is one for summary adjudication (not limited to a Rule 12(b)(6) motion founded solely upon the pleadings). Even when accepting that premise, no genuine issue of material fact exists as to whether Continental's September 17, 2003 letter reserved providing a defense. That letter speaks for itself and the court can directly review and discern its language.[2] Noteworthy, Continental pledged to "participate in the

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

[1] Plaintiff's Opposition to CBNA's Motion to Dismiss ("Opposition") at 3.
[2] The reservation of rights "ROR" letter of September 17, 2003, appears as exhibit 3 to George Bowder's affidavit and as exhibit 3 to Frederic Juengling's affidavit.

defense."[3]    The clear context of Continental's letter distinguishes between "participat[ing] in the defense" (i.e. the duty to defend) from questions of coverage, which the ROR letter more fully explains with fifteen bulleted paragraphs reserving rights as to coverage for "punitive and/or exemplary damages," and as to such definitional points of coverage as "bodily injury," "occurrence," and "damages."[4]

To be certain, Continental states through its twelfth bulleted paragraph that it is reserving the right "to obtain reimbursement for amounts expended in the defense, settlement or resolution *of uncovered claims*."[5]    However, by this express "uncovered claims" qualification, this reservation is limited to "uncovered claims," in contrast to Continental's pledged commitment to participate in the defense generally.

Continental's ROR choice of language of "uncovered" claims follows the recitation of allegations falling within the "alleged Continental policy period, 1974."[6] More completely, the ROR letter's context is preceded by the opening "reservation of rights" paragraph:

> As stated above, *Continental agrees to participate in the defense* of the *John Does 1-6* Complaint under a reservation of rights.    It is our understanding that you are seeking coverage for the claims which allege acts of abuse during the alleged Continental policy period, 1974.    It appears the allegations of John Doe 2, John Doe 3, John doe 4 and John Doe 5 potentially fall within the alleged policy period.    It is further our understanding that Catholic Mutual has also agreed to participate in the Diocese's defense with respect to the claims of John Doe 3 and John Doe 4.    Please provide us with copies of any other insurer's policies which may be applicable to these claims.    Please confirm that you have provided notice to any insurers which may provide coverage for this claim and provide

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

---

[3] Exhibit 3 (9/17/03 Reservation of Rights letter) at page 2 to Bowder Affidavit.
[4] Exhibit 3 at pages 6-7 to Bowder Affidavit.
[5] *Id.* at 6 (italics added).
[6] Exhibit 3 at page 4 to Bowder Affidavit.

CBNA's Reply to Opposition to Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 2 of 6

a copy of such notices and any response received from these insurers.[7]

Continental further argues that it in fact reserved its right to provide a defense because any reservation as to "coverage" would necessarily encompass both "indemnity and defense components."[8]  Continental cites to a general insurance treatise for this proposition.[9]  Even if "coverage" might generally and abstractly be viewed to include both indemnity and defense obligations, Continental's ROR letter of September 17, 2003, provides a specific context, far from the abstract.  In light of Alaska case precedent, the exactness used in Contental's ROR letter understandably differentiates between the duty to defend and the duty to provide coverage (indemnity).  Alaska has long recognized and treated the duty of defense different from the duty to indemnify.[10]

---

[7] Exhibit 3 at pages 4-5 to Bowder Affidavit (italics added).

[8] Opposition at 4.

[9] Id. citing 17-120 Appleman on Insurance § 120.2 (2d ed.).

[10] An insurer's separate duty to defend has generated considerable Alaska law, evidenced by at least one noteworthy case involving Continental, *Continental Ins. Co. v. Bayless & Roberts, Inc.,* 608 P.2d 281 (Alaska 1980).  The distinction drawn between the duty to defend and "coverage defenses" is also amply demonstrated by the key Alaska Supreme Court decision in *CHI of Alaska, Inc. v. Employers Reinsurance Corporation,* 844 P.2d 1113, 1116 (Alaska 1993), wherein the court reasoned:

> In cases where an insurer asserts either policy or coverage defenses, and defends its insured under a reservation of rights, there are various conflicts of interest between the insurer and the insured.  We identified three of these in *Continental.*

An overview and discussion of Alaska insurance law in this area, carrying forward the distinction between the duty to defend and "policy coverages" is provided at Earl M Sutherland, *One Client, One Defense:  Revisiting CHI with the Alaska Rules of Professional Conduct,* 11 Alaska l. Rev. 1 (1994), in which the author summarizes how the "duty to defend arises in three distinct situations:  (1) where the complaint states a claim within the policy and with supporting facts; (2) where the complaint states a claim within the policy, but the facts may indicate there is no coverage; and (3) where the complaint states a claim outside the policy but the operative facts indicate the claim is actually covered."  *Id.* at 5-6.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

CBNA's Reply to Opposition to Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 3 of 6

After citing the general law of waiver, and the elements to be met, Continental then asserts that CBNA's detrimental reliance upon Continental's pledged defense is "insufficient to support a finding of waiver."[11]    Continental cites no authority for the proposition that an insured's reliance upon its carrier's pledged defense is legally insufficient reliance.  Given the importance of the right to a defense, as embraced by the *Continental v. Bayless and Roberts,*[12] and *CHI of Alaska v. Employers Reinsurance Corporation*[13] (to name only two of numerous, noteworthy Alaska insurance cases), suggesting that an insured's reliance is insufficient cannot be squared with the importance assigned that right.  This court can rightly conclude as a matter of law, and not as a genuine issue of material fact requiring trial, that an insured can rely to its detriment upon the assignment of a defense by its carrier.  For the same reason, CBNA's justifiable reliance upon Continental's pledged defense disposes of Continental's argument that estoppel cannot apply.

### 2.    Continental's Complaint is Not Ripe for Determination.

Continental exclusively cites to numerous Alaska state law case decisions as to the definition of "ripeness."[14]  The test used in Alaska state court is different from and is not to be confused with the test used in federal court.  This court is subject to the federal "ripeness" standard.  CBNA's opening brief, at pages 6-7, sets out the federal rule. Continental's argument founded upon Alaska state decisional law is misplaced as a matter of law.

---

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

[11] Opposition at 6.
[12] 608 P.2d 281, 288 (Alaska 1980).
[13] 844 P.2d 1113 (Alaska 1993).
[14] Opposition at 7-8.

CBNA's Reply to Opposition to Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 4 of 6

### 3.    The court should decline jurisdiction.

Continental argues that "[t]here is no presumption favoring abstention in declaratory actions, including those regarding insurance coverage."[15]  This argument misses the point that federal courts, under *Brillhart v. Excess Insurance Company of America,*[16] need to decline jurisdiction where there are available (*not simply "parallel"*) state court means for resolving issues between insurers and their insureds.  Such is the case here.    *Albany Insurance Company v. Jones,*[17] cited by Continental,[18] acknowledges the Ninth Circuit's admonition that

> federal courts should decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law when the underlying liability suit is pending in state court, unless there are "circumstances present to warrant exception to that rule."[19]
> . . .
> The general rule was intended to serve many significant purposes, including "avoiding rendering opinions based on purely hyp9thetical factual scenarios, discouraging forum shopping, encouraging parties to propose the most appropriate remedy for their grievance, preserving precious judicial resources, and promoting comity."[20]

Noteworthy, in *Albany,* but unlike the facts at bar, the underlying liability suit *was already pending before the federal court and there was no pending state court proceeding.*[21] *Albany Insurance Company* supports the result sought by CBNA, not the

---

[15] Opposition at 9, *citing Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998).
[16] 316 U.S. 491 (U.S. 1941).
[17] 1996 WL 938330 (D. Alaska 1996)
[18] Opposition at 11.
[19] *Albany Ins. Co. v. Jones,* 1996 WL 938330 discussing and quoting *American National Fire Ins. Co. v. Hungerford,* 53 F.3d 1012, 1019 (9th Cir. 1995).
[20] *Id.*
[21] Id. at

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

CBNA's Reply to Opposition to Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 5 of 6

opposite conclusion urged by Continental. Here, unlike the facts in *Albany*, the underlying liability litigation has been underway in state court by over a year and is not, as was encountered in *Albany*, already before the federal court. While there is no pending state court declaratory relief action, this court should nonetheless decline to exercise jurisdiction as it remains hypothetical whether indemnity coverage will be activated. Furthermore, questions stemming from the insurance relationship are matters of state contract law.

In short, this court should appropriately decline jurisdiction and dismiss Continental's complaint.

DATED at Fairbanks, Alaska, this 14th day of July, 2006.

COOK, SCHUHMANN & GROSECLOSE

By: s/Robert B. Groseclose
714 Fourth Avenue, Suite 200
Fairbanks, Alaska 99701
(907) 452-1855
(907) 452-8154
bob@alaskalaw.com
Alaska Bar No. 7605032

This is to certify that on the 1st day
of July, 2006, a copy of the foregoing
is being mailed via first class mail fully prepaid
to the following attorney(s) or party(s) of record:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

s/Robert B. Groseclose
for Cook Schuhmann & Groseclose, Inc.

COOK SCHUHMANN
& GROSECLOSE, INC.
714 FOURTH AVE., SUITE 200
POST OFFICE BOX 70810
FAIRBANKS, AK 99707-0810

(907) 452-1855
FACSIMILE
(907) 452-8154

CBNA's Reply to Opposition to Motion to Dismiss
Continental Insurance Company v. Catholic Bishop of Northern Alaska
Page 6 of 6