IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CONTINENTAL INSURANCE COMPANY,

   Plaintiff,

vs.

CATHOLIC BISHOP OF NORTHERN ALASKA,

   Defendant.

Case No. 3:06-cv-0019-RRB

**ORDER DENYING MOTION TO DISMISS**

## I.  INTRODUCTION

Before the Court is Defendant Catholic Bishop of Northern America with a Motion to Dismiss (Docket 12).  Defendant argues Plaintiff Continental Insurance Company has waived and is estopped from disputing its obligation to provide a defense to Defendant in certain clergy abuse litigation.[1]  Defendant further argues that, inasmuch as no basis for indemnification has occurred, Plaintiff's complaint is not ripe such that the Court should decline

---

[1]  Clerk's Docket 12 at 1.

ORDER DENYING MOTION TO DISMISS - 1
3:06-CV-0019-RRB

jurisdiction.[2]  Plaintiff opposes at Docket 19 and argues that it has not waived, and should not be estopped from challenging, certain alleged duties under an alleged policy.[3]  It further argues that Defendant's challenges with regard to ripeness and jurisdictional grounds should be rejected.[4]  The Court agrees.

## II.  FACTS

Defendant is the civil law affiliate of the Diocese of Fairbanks, canon law denomination of the Catholic Church.[5]  On or about July 29, 2003, Defendant provided notice to Plaintiff of various claims stemming from asserted sexual abuse committed by clergy associated with Defendant.[6]  Defendant alleges that Plaintiff issued a primary liability insurance policy to Defendant covering the period from 1974 through 1979 (the "Alleged Policy").[7]  Although neither party has been able to locate and/or produce a copy of the Alleged Policy, Plaintiff agreed to participate in the defense of the underlying clergy abuse cases, subject to a reservation of rights.

---

[2]    Id.

[3]    Clerk's Docket 19 at 1.

[4]    Id.

[5]    Clerk's Docket 13 at 2.

[6]    Id.

[7]    Clerk's Docket 19 at 1.

Subsequently, Plaintiff filed the present action, asking the Court to declare, in light of the fact that Defendant cannot meet its burden to prove the Alleged Policy's existence, its effective dates, its terms, exclusions, or limits,[8] that Plaintiff is entitled to a judicial declaration that it has no duty to defend or indemnify Defendant for any liability stemming from the allegations or claims asserted in the Underlying Abuse Claims.[9]

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[10]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]  In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in

---

[8]     Clerk's Docket 1 at 5.

[9]     Id.

[10]     Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[11]     Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

the light most favorable to the nonmoving party."[12] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[13] "[W]here a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court <u>ordinarily</u> must convert that motion into one for summary judgment under Rule 56 to give the plaintiff an opportunity to respond."[14]

Defendant has attached materials outside the complaint to its motion, including the Affidavit of George Bowder with exhibits.[15] Notwithstanding, because: (1) the attached materials have <u>not</u> been considered by the Court in reaching the findings and conclusions contained herein; and (2) the Court ultimately denies Defendant's Motion to Dismiss at Docket 12, the Court does not convert Defendant's Rule 12(b)(6) motion into one for summary judgment.

---

[12]    <u>Vignolo</u>, 120 F.3d at 1077.

[13]    <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (<u>quoting</u> <u>Brian Clewer, Inc. v. Pan American World Airways, Inc.</u>, 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[14]    <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 n.4 (9th Cir. 1998), <u>rev'd on other grounds</u>, (<u>citing</u> <u>Cortec Industries, Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 48 (2nd Cir. 1991))(emphasis added).

[15]    Clerk's Docket 19 at 2.

IV.  DISCUSSION

    A.  **Because All of the Jurisdictional Elements Required for Diversity Have Been Met, the Court Concludes it Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a).[16]**

       The Court concludes all requisite jurisdictional elements have been met and are supported by competent proof.  And, despite "no basis for indemnification has occurred"[17] in the underlying State court action, the Court further concludes the matter before it is ripe.[18]  The exercise of the Court's jurisdiction in this matter is, however, discretionary.[19]

---

[16]   28 U.S.C. § 1332(a) provides:

    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[17]   Clerk's Docket 12 at 1.

[18]   "[I]n a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction." American States Ins. Co. V. Kearns, 15 F.3d 142, 144 (9th Cir. 1994)(citing Aetna Cas. and Sur. Co. V. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992)).

[19]   "The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002)(citations omitted).

**B.    The   Court   Exercises   its   Discretion   to   Entertain Plaintiff's Declaratory Relief Action**.

It  is  well-established  that  "there  is  no  per  se  rule against  the  court  exercising  its  jurisdiction  to  resolve  an insurance  coverage  dispute  when  the  underlying  liability  suit  is pending  in  state  court."[20]  Nor  is  there  a  per  se  rule  against  the court  exercising  its  jurisdiction  to  resolve  a  duty  to  defend and/or  indemnify  dispute  when  the  underlying  liability  suit  is pending  in  a  state  court.[21]  There  are,  however,  considerable  policy reasons  for  the  Court  to  resolve  disputes  in  a  reasonable  and expeditious  fashion.  Hence,  in  balancing  the  concerns  of  judicial administration,  comity,  and  fairness  to  the  litigants,[22]  the  Court concludes  it  is  appropriate  to  entertain  declaratory  relief  in  the instant  matter,  and  does  so.

///

///

///

///

---

[20]    Kearns, 15 F.3d at 145 (citing Aetna Casualty and Sur. Co. v. Merritt, 974 F.2d 1196 (9th Cir. 1992)).

[21]    Id. at 144 (citing Aetna Casualty and Sur. Co. v. Merritt, 974 F.2d 1196 (9th Cir. 1992)).

[22]    Id. (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). See also Huth, 298 F.3d at 803 (9th Cir. 2002)("[T]he district court . . . is in the best position to assess how judicial economy, comity and federalism are affected in a given case.").

**V.    CONCLUSION**

Consequently, Defendant's Motion to Dismiss at Docket 12 is hereby **DENIED.**  This matter shall proceed forward in due course.

ENTERED this 21st day of August, 2006.

                              /s/ RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE