IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>            Defendant. | Case No. 3:06-cv-0019-RRB<br><br>**ORDER DENYING MOTION**<br>**TO DISMISS** |

I.    INTRODUCTION

Before the Court is Defendant Catholic Bishop of Northern America with a Motion to Dismiss (Docket 12). Defendant argues Plaintiff Continental Insurance Company has waived and is estopped from disputing its obligation to provide a defense to Defendant in certain clergy abuse litigation.[1] Defendant further argues that, inasmuch as no basis for indemnification has occurred, Plaintiff's complaint is not ripe such that the Court should decline

---

[1]    Clerk's Docket 12 at 1.

ORDER DENYING MOTION TO DISMISS - 1
3:06-CV-0019-RRB

jurisdiction.[2] Plaintiff opposes at Docket 19 and argues that it has not waived, and should not be estopped from challenging, certain alleged duties under an alleged policy.[3] It further argues that Defendant's challenges with regard to ripeness and jurisdictional grounds should be rejected.[4] The Court agrees.

**II. FACTS**

Defendant is the civil law affiliate of the Diocese of Fairbanks, canon law denomination of the Catholic Church.[5] On or about July 29, 2003, Defendant provided notice to Plaintiff of various claims stemming from asserted sexual abuse committed by clergy associated with Defendant.[6] Defendant alleges that Plaintiff issued a primary liability insurance policy to Defendant covering the period from 1974 through 1979 (the "Alleged Policy").[7] Although neither party has been able to locate and/or produce a copy of the Alleged Policy, Plaintiff agreed to participate in the defense of the underlying clergy abuse cases, subject to a reservation of rights.

---

[2] Id.

[3] Clerk's Docket 19 at 1.

[4] Id.

[5] Clerk's Docket 13 at 2.

[6] Id.

[7] Clerk's Docket 19 at 1.

Subsequently, Plaintiff filed the present action, asking the Court to declare, in light of the fact that Defendant cannot meet its burden to prove the Alleged Policy's existence, its effective dates, its terms, exclusions, or limits,[8] that Plaintiff is entitled to a judicial declaration that it has no duty to defend or indemnify Defendant for any liability stemming from the allegations or claims asserted in the Underlying Abuse Claims.[9]

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[10] A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11] In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in

---

[8] Clerk's Docket 1 at 5.

[9] Id.

[10] Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[11] Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

the light most favorable to the nonmoving party."[12] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[13] "[W]here a defendant attaches extrinsic evidence to a Rule 12(b)(6) motion, the court <u>ordinarily</u> must convert that motion into one for summary judgment under Rule 56 to give the plaintiff an opportunity to respond."[14]

Defendant has attached materials outside the complaint to its motion, including the Affidavit of George Bowder with exhibits.[15] Notwithstanding, because: (1) the attached materials have <u>not</u> been considered by the Court in reaching the findings and conclusions contained herein; and (2) the Court ultimately denies Defendant's Motion to Dismiss at Docket 12, the Court does not convert Defendant's Rule 12(b)(6) motion into one for summary judgment.

---

[12] <u>Vignolo</u>, 120 F.3d at 1077.

[13] <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting <u>Brian Clewer, Inc. v. Pan American World Airways, Inc.</u>, 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[14] <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 n.4 (9th Cir. 1998), <u>rev'd on other grounds</u>, (citing <u>Cortec Industries, Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 48 (2nd Cir. 1991))(emphasis added).

[15] Clerk's Docket 19 at 2.

ORDER DENYING MOTION TO DISMISS - 4
3:06-CV-0019-RRB

## IV. DISCUSSION

### A. Because All of the Jurisdictional Elements Required for Diversity Have Been Met, the Court Concludes it Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a).[16]

The Court concludes all requisite jurisdictional elements have been met and are supported by competent proof. And, despite "no basis for indemnification has occurred"[17] in the underlying State court action, the Court further concludes the matter before it is ripe.[18] The exercise of the Court's jurisdiction in this matter is, however, discretionary.[19]

---

[16] 28 U.S.C. § 1332(a) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[17] Clerk's Docket 12 at 1.

[18] "[I]n a declaratory judgment action brought to determine a duty to defend or to indemnify, the court may exercise jurisdiction." American States Ins. Co. V. Kearns, 15 F.3d 142, 144 (9th Cir. 1994)(citing Aetna Cas. and Sur. Co. V. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992)).

[19] "The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002)(citations omitted).

**B. The Court Exercises its Discretion to Entertain Plaintiff's Declaratory Relief Action.**

It is well-established that "there is no per se rule against the court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court."[20] Nor is there a per se rule against the court exercising its jurisdiction to resolve a duty to defend and/or indemnify dispute when the underlying liability suit is pending in a state court.[21] There are, however, considerable policy reasons for the Court to resolve disputes in a reasonable and expeditious fashion. Hence, in balancing the concerns of judicial administration, comity, and fairness to the litigants,[22] the Court concludes it is appropriate to entertain declaratory relief in the instant matter, and does so.

///

///

///

///

---

[20] Kearns, 15 F.3d at 145 (citing Aetna Casualty and Sur. Co. v. Merritt, 974 F.2d 1196 (9th Cir. 1992)).

[21] Id. at 144 (citing Aetna Casualty and Sur. Co. v. Merritt, 974 F.2d 1196 (9th Cir. 1992)).

[22] Id. (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). See also Huth, 298 F.3d at 803 (9th Cir. 2002)("[T]he district court . . . is in the best position to assess how judicial economy, comity and federalism are affected in a given case.").

### V. CONCLUSION

Consequently, Defendant's Motion to Dismiss at Docket 12 is hereby **DENIED**. This matter shall proceed forward in due course.

ENTERED this 21st day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE