Gary A. Zipkin
**GUESS & RUDD P.C.**
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: 907-793-2200
Alaska Bar No. 7505048

**Attorneys for The Continental Insurance Company**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, | |
| Plaintiff, | Case No. 3:06-cv-00019 TMB |
| v. | |
| CATHOLIC BISHOP OF NORTHERN ALASKA, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REFER CASE TO BANKRUPTCY COURT**

BACKGROUND

On January 19, 2006, Continental Insurance Company ("Continental") filed the complaint in this action for declaratory relief seeking a judicial declaration that it has no duty to defend or indemnify The Catholic Bishop of Northern Alaska ("CBNA") from any liability stemming from the allegations or claims asserted against CBNA filed in Alaska courts by individuals who allege they were abused as children by priests affiliated with CBNA (the "Abuse Claims"). Although CBNA has claimed Continental issued a general liability policy obligating

Continental to defend and indemnify CBNA with respect to the underlying Abuse Claims, CBNA cannot meet its burden to prove that Continental issued a policy obligating Continental to defend and indemnify CBNA with respect to the underlying Abuse Claims.  In addition, Continental requested a judicial declaration that it has no duty to defend or indemnify CBNA for any liability stemming from allegations or claims asserted in the underlying Abuse Claims.[1]

CBNA filed its answer to the complaint and a demand for trial by jury on March 22, 2006.[2]  In its answer, CBNA prayed for an order declaring that Continental has a duty to defend and indemnify CBNA with respect to the underlying Abuse Claims.[3]  Discovery closed on February 1, 2007, and cross motions for summary judgment were filed on October 1, 2007.[4]  On February 26, 2008, this Court ordered that oral argument on the cross motions for summary judgment be held on April 10, 2008.[5]  After CBNA filed its petition for relief under Chapter 11, this court stayed all proceedings in the case.[6].

CBNA has now filed the instant motion requesting this Court to enter an order pursuant to the Court's Miscellaneous General Order No. 503 referring this matter to the bankruptcy court for adjudication as a "core proceeding;" or in the alternative, referring this matter to the bankruptcy court for adjudication as a "related to" matter under the bankruptcy court's "non-core" jurisdiction.

---

[1] Plaintiff's Complaint [Clerk's Docket No. 1].
[2] [Clerk's Docket Nos. 5 and 6.]
[3] See Answer p.3 ¶ 3 [Clerk's Docket No. 5]
[4] [Clerk's Docket Nos. 45 and 47.]
[5] [See Clerk's Docket No. 59.]
[6] [Clerk's Docket No. 61]

Continental submits CBNA's motion is not well taken.  Referral of this matter to the bankruptcy court is inappropriate for the following reasons:

i)      This proceeding involves non-core matters.

ii)     Even if the bankruptcy court would have "non-core-related to" jurisdiction, CBNA has filed a demand for a jury trial and the bankruptcy court cannot conduct a jury trial without the consent of all parties to the proceeding.  Continental does not consent to a jury trial in front of the bankruptcy court.

iii)    Even if there were no jury demand or CBNA were to waive its jury demand, the bankruptcy court must submit proposed findings of fact and conclusions of law for *de novo* review by the district court if one of the parties has not consented to entry of final order by the bankruptcy court.  Continental has not consented to entry of final order by the bankruptcy court and maintaining this proceeding before the district court would avoid unnecessary duplication of judicial resources.

<u>ARGUMENT</u>

**A.      <u>The Issues To Be Resolved Are Non-Core.</u>**

The claims in this case involve non-core matters.  Core matters are those which "arise in" and "arise under" the Bankruptcy Code.  Continental agrees with the quotation from <u>Eastport Associates v. City of Los Angeles (In re Eastport Associates)</u>, 935 F.2d 1071, 1076-77 (9th Cir. 1991) cited as authority in CBNA's memorandum for the proper determination of what are

considered "core" and "non-core" matters.[7]  In fact, the court in <u>Eastport Associates</u> determined

that the declaratory judgment action filed in that case could exist completely independent of the

bankruptcy laws and was a non-core matter.  Likewise, this proceeding does not invoke a

substantive right created by federal bankruptcy law and is one that could exist outside of

bankruptcy.  The Ninth Circuit's test for making the core/non-core determination is "actions that

do not depend on bankruptcy laws for their existence and could proceed in another court are

considered non-core."  <u>Security Farms v. International Brotherhood of Teamsters</u>, 124 F.3d 999

at 108 (9th Cir. 1993); <u>see also</u> <u>Daewoo Motors America, Inc.</u>, 302 B.R. 308, 311 (C.D. Cal.

2003).

 The claims asserted by Continental in this proceeding do not depend on the bankruptcy

case to exist, and the mere pendency of CBNA's bankruptcy case does not justify them being

treated as "core" matters.  Here, Continental's claim is a creation of state contract law and does

not depend on the Bankruptcy Code or the filing of the bankruptcy case for its existence.  <u>See</u>

<u>Piombo Corp. v. Castlerock Properties, Inc.</u>, (<u>In re Castlerock Properties, Inc.</u>) 781 F.2d 159, 162

(9th Cir. 1986).  CBNA's answer likewise only asks the Court for a judicial declaration that

Continental has a duty to defend and indemnify CBNA with respect to the underlying Abuse

Claims and does not raise any issues that depend on the Bankruptcy Code or bankruptcy law for

their determination.

 In <u>In re Castlerock Properties</u>, <u>supra</u>, the Ninth Circuit held that "state law contract claims

that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C.

---

[7] See Memorandum of Counsel Supporting Motion to Refer Case to Bankruptcy Court p. 6-7 [Clerk's Docket No. 63]

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REFER CASE TO BANKRUPTCY COURT
<u>Continental Insurance Company v. Catholic Bishop of Northern Alaska</u>; Case No. 3:06-cv-19-TMB
Page 4 of 9

§ 157(b)(2)(B-N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch all provisions, Section 157(b)(2)(A) and (O)."  781 F.2d at 162. See also In re DeLorean Motor Co., 151 B.R. 521, 525 (B.A.P. 9th Cir. 1993).  (Under this analysis, a proceeding will not be considered a core matter, even if it falls within the literal language of Section 157(b)(2)(A) or 157(b)(2)(O) if it is a state law claim that could exist out of bankruptcy and is not inextricably bound to the claims allowance process or a right created by the Bankruptcy Code.")  CBNA may view resolution of this litigation as important to the administration of its reorganization case but that does not convert it to a core proceeding.

       Courts both inside and outside of the Ninth Circuit have regularly found insurance coverage disputes to be non-core.  Travelers Indemnity Co. v. Babcock & Wilcox Co., 2002 WL 100625 *3 (E.D. La.) (declaratory judgment action to resolve insurance coverage questions is non-core); In re G-I Industries, Inc., 278 B.R. 725, 735 (Bankr. N.J. 2003) (declaratory judgment action involving liability insurance policy is non-core); Gulf USA Corp. v. Federal Insurance Co., (In re Gulf USA Corp.), 1995 WL 653383 *1 (Bankr. D. Idaho) (action for declaratory relief and damages against insurance company and coverage dispute is non-core); Amatex Corp. v. Aetna Casualty & Surety Co., (In re Amatex Corp.), 107 B.R. 856, 683 (Bankr. E.D. Pa. 1989) (declaratory judgment action on insurance coverage is non-core); Sullivan v. Maryland Casualty Co., (In re Ramex International, Inc.), 91 B.R. 313, 315 (Bankr. E.D. Pa. 1998) (declaratory judgment action to determine insurance coverage is non-core); Federal Insurance Co. v. Glen Ivy Management Co., (In re Glen Ivy Resorts, Inc.), 171 B.R. 98, 100 n.7, 103-04 (Bankr. C.D. Cal. 1994) (issues pertaining to disputes over insurance coverage are non-core).

The bankruptcy court's jurisdiction to determine the nature and extent of estate assets does not embrace litigation commenced by the trustee to determine the estate's interest in property or rights against a third party.  In <u>Federal Insurance Co.</u>, <u>supra</u>, the court held that the Chapter 7 trustee could not obtain discovery of the insurance company's claims files on the grounds that the files were relevant to determining the nature and extent of insurance as estate property and thus within the bankruptcy's core jurisdiction, holding that the bankruptcy court's core jurisdiction to determine the nature and extent of estate assets does not embrace litigation commenced by the trustee to determine the estate's interest in property or rights against third parties.

**B.**      **<u>The Demand for a Jury Trial in this Case makes Reference of the Matter to the Bankruptcy Court Inappropriate.</u>**

CBNA has demanded a jury trial in this case.  Bankruptcy courts are prohibited from holding a jury trial in non-core matters without the parties' consent.  28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015; <u>see also</u> <u>In re Cinematronics, Inc.</u>, 916 F.2d 1444, 1451 (9th Cir. 1990). Continental has not consented to allowing the bankruptcy court to conduct a jury trial.[8] Consequently, if CBNA's motion were granted, the bankruptcy court would not be able to provide a complete resolution to the parties' dispute by conducting a jury trial.

---

[8] In fact, if the shoe were on the other foot and this action had been filed in the bankruptcy court by the Debtor, also requesting a jury trial, the case would have been subject to withdrawal of the reference to this court.  <u>See</u> <u>In re Cinematronics, Inc.</u>, <u>supra</u>, where the Ninth Circuit held that the refusal to withdraw the reference where a party is entitled to a jury trial is an abuse of discretion.

**C.**   **Because Bankruptcy Court Could Not Enter a Final Order in this Proceeding, Retaining this Action in the District Court Conserves Judicial Resources.**

Even if there were no jury demand, this matter is at best a "non-core, related" matter in which the bankruptcy court in the absence of the consent of both parties could not enter a final order.  The bankruptcy court would be required to submit proposed findings of fact and conclusions of law to the district court for *de novo* review.  11 U.S.C. § 157(c)(1)(2).  See also Dunsmore v. United States, 358 F3d 1107, 1107 (9th Cir. 2004).  Because the bankruptcy court's determinations on non-core matters would be subject to *de novo* review by the district court, unnecessary costs and potential delays can be avoided in this case by retaining this matter in a single proceeding before the district court.  See Security Farms, supra, 124 F.3d at 1008-09. This is especially true in this case where cross motions for summary judgment have been fully briefed and have been set for oral argument which would have occurred by this date but for the filing of CBNA's Chapter 11 petition on March 1.  If CBNA wants a prompt resolution of issues regarding the existence of a policy with Continental, the interests of judicial economy weigh in favor of retaining the case in this Court and allowing the parties to proceed to oral argument on the cross motions which are currently pending and where a final order may be entered.[9]

The United States Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co, 458 U.S. 50 (1982) established that bankruptcy courts lack jurisdiction "to make final determinations in matters that could have been brought in a district court or a state court."  In re Castle Rock, 781 F.2d at 162 (quoting In re Thomas, 765 F.2d 926, 929 (9th Cir.

---

[9] Continental is simultaneously filing a motion in the Bankruptcy Court requesting limited relief from the stay order to allow oral argument on the cross-motions to proceed in this court.

1985)).  While a bankruptcy court may be empowered to "hear" non-core matters, the

bankruptcy court can never "determine" such matters.  The most the bankruptcy court may do is

submit proposed or "advisory" finding of fact and conclusions of law on non-core matters which

must be reviewed *de novo* by the district court.  28 U.S.C. § 157(c); <u>In re Mann</u>, 907 F.2d 923,

926 (9th Cir. 1990).  Accordingly, district courts have found it is rarely in the interests of judicial

economy for a bankruptcy court to hear non-core matters given that it will necessarily call for re-

examination by the district court.  <u>See</u>, <u>e.g.</u>, <u>In re Addison</u>, 240 B.R. 47, 49-50 (C.D. Cal. 1999);

<u>In re GWF Inv., Ltd.</u>, 85 B.R. 771, 778 (S.D. Ohio 1988)  Bankruptcy courts should not hear

adversary proceeding with both core and non-core issues, unless core issues are heavily

predominant and non-core issues are insignificant.


<u>CONCLUSION</u>


        The legal issues raised by this case are different from other legal issues which would

arise in a bankruptcy case.  The case before the Court does not depend upon the Bankruptcy

Code or the existence of the bankruptcy case for its existence and has existed for over a year in

this Court independent of CBNA's bankruptcy filing.  It is at best a "non-core related" matter in

which the Bankruptcy Court may not conduct a jury trial or enter a final order.  Referring the

matter to the bankruptcy court which cannot conduct a jury trial or issue a final order does not

expedite any resolution of the issues regarding insurance coverage which CBNA claims are vital

to its reorganization.  Conserving judicial resources would best be served by allowing this

proceeding to remain in this court.  Therefore, CBNA's motion must be denied.

DATED at Anchorage, Alaska this 12th day of May, 2008.


GUESS & RUDD P.C.
Attorneys for Plaintiff

By:  _____s/Gary A. Zipkin_____
              510 L Street, Suite 700
              Anchorage, Alaska  99501
              Phone: 907-793-2200
              Fax:    907-793-2299
              Email: gzipkin@guessrudd.com
              Alaska Bar No. 7505048


CERTIFICATE OF SERVICE
I hereby certify that on the
12th day of May, 2008, a copy
of the foregoing document was served
electronically on:

Robert B. Groseclose, Esq.
Laura K. McNally, Esq.
Philip C. Stahl, Esq.
Susan G. Boswell, Esq.
David E. Paige, Esq.

GUESS & RUDD P.C.


By:_____s/Gary A. Zipkin_

F:\DATA\6024\3\pleading\32 Resp to Def Mtn to Refer To BK Ct.DOC


PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REFER CASE TO BANKRUPTCY COURT
Continental Insurance Company v. Catholic Bishop of Northern Alaska; Case No. 3:06-cv-19-TMB
Page 9 of 9