IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, ) | Case No. 3:06-cv-00019 TMB |
| Plaintiff, ) | |
| v. ) | |
| CATHOLIC BISHOP OF NORTHERN ) ALASKA, ) | |
| Defendant. ) | |

## REPLY MEMORANDUM SUPPORTING MOTION TO REFER CASE TO BANKRUPTCY COURT

**I. INTRODUCTION**

Defendant, Catholic Bishop of Northern Alaska, an Alaska religious corporation sole ("CBNA"), hereby replies to the "Plaintiff's Response in Opposition to Defendant's Motion to Refer Case to Bankruptcy Court" (the "Objection") filed by Plaintiff, Continental Insurance Company ("Continental") to CBNA's motion (the "Motion") to refer the above -captioned case (the "Missing Policy Case") to the Bankruptcy Court having jurisdiction over CBNA's Chapter 11 case (the "Reorganization Case").  The Objection is not well taken and should be overruled. Continental primarily argues that the complaint in the Missing Policy Case ("Complaint") and the nature of the underlying action are non-core matters for which the Bankruptcy Court cannot enter final orders; therefore, the Missing Policy Case should not be referred.  As a "throw-away" issue, Continental also argues that because CBNA (not Continental) requested a jury trial, and the Bankruptcy Court cannot conduct a jury trial without consent of the parties, the matter should not be referred.  However, neither of these arguments really address the primary basis for referral and, in any event, are not dispositive of the Motion.

COOK, SCHUHMANN
& GROSECLOSE,
INC.
714 Fourth Ave.
Suite 200
Post Office Box 70810
Fairbanks, AK 99707

QBACTIVE\124448.00004\6245857.1

In the Objection, Continental ignores the fact that the Missing Policy Action is, in fact, a core proceeding. It is not a typical coverage case. Continental ignores Continental's demands for relief against CBNA in the form of the payment of money.[1] Further, Continental ignores that the Complaint seeks a declaration of whether or not any such liability policies exist, making the Missing Policy Case fall squarely within the parameters of 11 U.S.C. § 541(a) and making it a core proceeding under 28 U.S.C. § 157(b)(2)(A). *See John Hancock Mutual Insurance Co. v. Watson (In re Kincaid),* 917 F.2d 1162 (9th Cir. 1990).[2] Continental also ignores that, unlike many of the Directors' and Officers' liability policy ("D & O Policy") coverage cases it relies upon in the Objection, the outcome of the Missing Policy Case (which involves the very existence of an asset of the estate) is, along with the outcome of the scope of coverage adversary proceeding filed by CBNA in the Bankruptcy Court (the "Adversary Proceeding"), is the "linchpin" to CBNA's reorganization efforts.

There is no doubt that, taking into account Continental's demand for payment to reimburse the defense costs that it advances, taking into account Continental's request for relief declaring that certain policies do not exist, and taking into account the linchpin effect of the Missing Policy Case on CBNA's reorganization efforts, this case presents a core proceeding well within the core jurisdictional mandate of the Bankruptcy Court. As such, this core proceeding should be referred to the Bankruptcy Court for adjudication. The fact that CBNA requested a jury trial in the Missing Policy Case is not an impediment to referral to the Bankruptcy Court,

---

[1] Continental has requested, as part of the relief, an order ordering CBNA to reimburse it for all defense costs advanced by Continental under a reservation of rights for litigation that has been ongoing since at least 2003 with respect to the childhood sexual abuse claims.

[2] In the Missing Policy Case, Continental does not seek a declaration of the nature of its contractual obligations under an insurance policy with the CBNA. As stated, it seeks a declaration that there are no policies and, therefore, no coverage.

**COOK, SCHUHMANN & GROSECLOSE, INC.**
714 Fourth Ave.
Suite 200
Post Office Box 70810
Fairbanks, AK 99707

REPLY MEMORANDUM IN SUPPORT OF MOTION  Page 2 of 11
TO REFER TO BANKRUPTCY COURT  CIC v. CBNA Case No. 3:06-cv-00019 TMB
QBACTIVE\124448.00004\6245857.1

nor does referral of the Missing Policy Case to the Bankruptcy Court impede judicial economy. Continental long ago waived its right to a jury trial under Fed. R. Civ. P. 38 and should not be able to use CBNA's jury trial request as a shield to oppose referral of the Missing Policy Case to the Bankruptcy Court. Furthermore, contrary to Continental's assertions, judicial economy strongly favors referral, notwithstanding fully briefed but not yet argued dispositive motions before the Court.[3]

## II.  ARGUMENT

### A.  This Matter Constitutes A Core Proceeding.

The Missing Policy Case is a core proceeding for two reasons. First, Continental is demanding reimbursement of defense costs -- a claim against the estate. Second, the Missing Policy Case is about the nature of property of the estate -- valuable insurance policies.

Continental's demand in the Complaint that it be awarded a money judgment against CBNA equal to the defense costs already advanced under a reservation of rights constitutes a claim against CBNA within the meaning of 11 U.S.C. § 101(5). Bankruptcy courts have authority to allow or disallow claims under 11 U.S.C. § 502. Furthermore, 28 U.S.C. § 157(b)(2)(B) makes it clear that the allowance or disallowance of claims (that are not personal injury claims) is within the Bankruptcy Court's core jurisdiction. In cases like this, it is not uncommon for "the determination of the validity of the contract for purposes of disallowing the 502(g) based claim is basically a non-core issue of state breach of contract being subsumed into a core proceeding (regarding allowance of claim) and thereby coming under the jurisdiction of the

---

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

[3] The fact that: (i) discovery was closed; and (ii) the parties in the Missing Policy Case had filed cross-motions for summary judgment which were fully briefed does not mitigate toward this Court denying the Motion. See section C, page 7, *infra*.

REPLY MEMORANDUM IN SUPPORT OF MOTION                                    Page 3of 11
TO REFER TO BANKRUPTCY COURT                           CIC v. CBNA Case No. 3:06-cv-00019 TMB
QBACTIVE\124448.00004\6245857.1

bankruptcy court." *Durkin v. Bendor Corp. (In re G.I. Industries, Inc.)*, 201 F.3d 1276, 1280 (9th Cir. 2000).

Furthermore, unlike a claim that is based on breach of contract and the parties' rights under a contract, Continental seeks a declaration that because CBNA allegedly cannot provide evidence establishing the *existence of* a contract, there is no policy and, therefore, no coverage. Simply put, the insurance policies are property of the estate. Continental seeks a declaration whether such property exists at all. Whether estate property exists is also a question that is well within the Bankruptcy Court's core jurisdiction. 28 U.S.C. § 1334(e) gives district courts, and on referral, bankruptcy courts "exclusive jurisdiction" over "all of the property, wherever located, of the debtor as of the commencement of [a case under title 11], and of property of the estate." It has been the law in this Circuit for nearly 20 years that "determining the nature and extent of property of the estate is also a fundamental function of a bankruptcy court ... fundamental to the administration of a bankruptcy case," and, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). *In re Kincaid,* 917 F.2d at 1165.

Continental relies heavily on a bankruptcy court's 1994 decision in *In re Glen Ivy Resorts, Inc.*, 171 B.R. 98 (Bankr. C.D. Cal. 1994) (the Objection refers to the *Glen Ivy* decision as the "*Federal Insurance*" case) for the proposition that coverage disputes are outside the scope of bankruptcy court's core jurisdiction. Such reliance is misplaced. *Glen Ivy* concerned a chapter 7 bankruptcy trustee's request for documents concerning insurance policies of which the debtor might be a beneficiary. At the time the matter at issue was brought before the bankruptcy court, the bankruptcy court <u>had previously abstained</u> from asserting jurisdiction over the coverage litigation under 28 U.S.C. § 1334(c)(1) and entered a stay relief order thereby removing that coverage litigation from its jurisdiction. *Id.* at 100. As such, the *Glen Ivy* court had already

relinquished jurisdiction over the coverage litigation and was addressing a different, although related, matter because of the information sought by the Chapter 7 trustee.  In the words of the *Glen Ivy* court, "this [the prior abstention and stay relief] foreclosed the trustee from compelling production of the claims files insofar as the theory behind the production was their relevance to the coverage dispute."  Relying on *Kincaid*, the trustee continued to assert that it could compel production of the claims files on the theory that the discovery was relevant to "determining the nature and extent of estate assets."  However, the *Glen Ivy* court concluded that "*Kincaid*'s inclusion of proceedings 'to determine the nature and extent of estate assets' within the bankruptcy court's core jurisdiction is limited to disputes regarding the *existence of* and the estate's *present possessory interest* in assets of a debtor or the estate."  *Id.* at 104 (emphasis in original).[4]

Continental provides a string cite to a number of cases which it contends support its position that policy coverage cases are non-core.[5]  Objection at 3.  Some of the cases cited by Continental, such as *In re G-I Holdings, Inc.,* 278 B.R. 725 (Bankr.D.N.J., May 21, 2002), involve D & O Policies and the determination of core vs. non-core turns on whether the D & O Policies were the "linchpin" of the reorganization efforts.[6]  In *In re G-I Holdings, Inc.,* 278 B.R.

---

[4] The Missing Policy Case is a case about the existence of and the estate's present possessory interest in its assets -- the liability insurance policies that insure CBNA for the sexual abuse claims during the periods 1973 to 1979.  The issues presented in the Missing Policy Case fit within 28 U.S.C. § 157(b)(2)(B).  Furthermore, to the extent 28 U.S.C. § 157(b)(2)(A) or (O) are relied upon to support core jurisdiction, the Missing Policy Case concerns the Bankruptcy Court's core function of determining the *existence of* a debtor's property, not the extent of the debtor's contractual rights against a third party   *See*, *Piombo Corporation, v. Castlerock Properties* (*In re Castlerock Properties*), 781 F.2d 159 (9th Cir. 1986).

[5] It is noteworthy that in each of those cases the coverage litigation was instituted by the debtor, thereby creating a claim by the debtor against a third party, the insurer.  In this case, Continental filed the Missing Policy Case, thereby asserting a claim against the debtor.  Furthermore, the Missing Policy Case is not a "typical" policy coverage case.

[6] The policies at issue in the Missing Policy Case are not D & O Policies but general

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

725 (Bankr.D.N.J., May 21, 2002) the court held that unlike asbestos cases involving personal injury liability coverage that constituted a linchpin of debtor's reorganization efforts, the D & O Policies were not central enough to the administration of the estate and formulation of a plan so that the coverage issues constituted a core mater. 278 B.R. at 736-737.

In this case, resolution of whether CBNA can or should sufficiently establish that the insurance policies in question exist could not be more central to CBNA's estate and CBNA's reorganization efforts. As CBNA has stated in various pleadings, Continental was CBNA's primary insurer for the period during which a large number of the sexual abuse claims are or may be asserted. Furthermore, as Bishop Kettler stated in his declaration, attached as Exhibit "A" to the Motion, one of the precipitating factors in CBNA filing the Reorganization Case was the failure of its key insurer (Continental) to participate in a meaningful manner to assist in resolution of the pending sexual abuse litigation. Given these factors and the financial position of CBNA (as described in Bishop Kettler's declaration), participation by its insurers, including Continental, is the linchpin of its reorganization efforts.

### B. Continental's Jury Trial Argument Does Not Support The Objection.

As the Court knows, CBNA demanded a jury trial when it filed its answer in the Missing Policy Case. Continental did not timely request a jury trial. In the Objection, Continental argues that because it will not consent to the Bankruptcy Court conducting a jury trial pursuant to 28 U.S.C. § 157(e) and Fed. R. Bankr. P. 9015, CBNA's prior jury demand prevents this Court from referring the Missing Policy Case to the Bankruptcy Court. CBNA, however, is willing to live with the consequence of losing the right to a jury trial by submitting this matter to Bankruptcy Court because of the significant benefits to be gained which will benefit CBNA's estate and its liability policies.

**COOK, SCHUHMANN & GROSECLOSE, INC.**
714 Fourth Ave.
Suite 200
Post Office Box 70810
Fairbanks, AK 99707

creditors. These benefits include but are not limited to: (a) coordination with the bankruptcy claims administration process; (b) formulation and pursuit of a plan of reorganization; (c) determination of the scope of coverage in the Adversary Proceeding; (d) having all matters affecting administration of the bankruptcy estate before one court that is hearing all aspects of the case; and (e) ability to coordinate mediation efforts, timing and parameters.

Furthermore, Continental does not contend, nor can it, that CBNA cannot waive its right to a jury trial once requested. In fact, it acknowledges that such a waiver could occur. Objection at 3. A unilateral withdrawal of a jury trial demand under Fed. R. Civ. P. 38(d) would be appropriate in this instance because Continental has not done anything to show that it has relied CBNA's jury demand. *See Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1305 (9th Cir.) (rejecting formalistic reading of Rule 38(d) in order to allow unilateral withdrawal of jury demand where other party showed by its conduct that it has not relied on prior jury demand), cert. denied, 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 259 (1983). If this Court decides not to refer the Missing Policy Case to the Bankruptcy Court, CBNA fully reserves its right to have the Missing Policy Case tried to a jury.

### C.  **Judicial Economy Favors Referral.**

In the Objection, Continental admits that, at a minimum, this matter could be referred to the Bankruptcy Court under its "related to" jurisdiction under 28 U.S.C. § 157(c). As the 9th Circuit stated in *In re Castlerock Properties*,:

> In non-core matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In non-core matters, the bankruptcy court may not enter final judgments without the consent

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

REPLY MEMORANDUM IN SUPPORT OF MOTION  Page 7 of 11
TO REFER TO BANKRUPTCY COURT  CIC v. CBNA Case No. 3:06-cv-00019 TMB
QBACTIVE\124448.00004\6245857.1

of the parties, and its findings of fact and conclusions of law in non-core matters are subject to de novo review by the district court....

781 F.2d at 161.[7]

Continental argues in the Objection that because the Bankruptcy Court's findings of fact and conclusions of law would be required to be submitted to this Court for *de novo* review (if this Court determines this to be a non-core matter), judicial economy will best be served by denying referral. The primary factual basis for this assertion is that the parties had filed cross motions for summary judgment and were awaiting oral argument when the Reorganization Case was filed on March 1, 2008. However, there is no evidence that this Court has any more knowledge of the Missing Policy Case than would a Bankruptcy Judge since all matters were stayed as a result of the filing of the Reorganization Case and oral argument on the cross-motions for summary judgment vacated.[8] In fact, this case was reassigned to this Court in August 2007 and no matters have been heard by this Court since such reassignment. *See* Docket No. 44 and balance of Docket after August 1, 2007. Therefore, any suggestion that this Court has greater knowledge and experience with the Missing Policy Case than would the Bankruptcy Court is simply unfounded.

Moreover, there are numerous matters pending in the administrative case in the Bankruptcy Court that affect the Missing Policy Case, the parties ability to move forward with mediation, administration of the Reorganization Case and the efforts of CBNA toward reorganization and a plan. For example, CBNA has recently filed a motion in the Bankruptcy

---

[7] It is common for district courts to refer matters to federal magistrates and special masters to hear and determine certain matters in a case. Even if the Missing Policy Case is non-core (which CBNA disputes), the Bankruptcy Court could act similar to a magistrate. This would not be an unusual or novel result as recognized by the 9th Circuit in *In re Castlerock Properties*.

[8] This Court entered an order on March 13, 2008 staying all matters and vacating oral argument. Docket No. 61.

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

Court seeking a deadline for filing proofs of claim and approval of forms of notice, publication protocol and proof of claim forms. In addition, CBNA has filed a motion seeking approval of the appointment of a future claims representative to assert the interests of individuals who presently hold sexual abuse claims, but for reason of minority status or psychological issues are not capable of receiving constitutional notice of the deadline for filing proofs of claim. The effect of these motions will be to fix with certainty the number of claims against CBNA.

In addition, the Bankruptcy Court recently set a schedule for formulation and negotiation of a plan of reorganization. *See Order Requiring Elaborate Term Sheet And Order Setting Continued Telephonic Status And Scheduling Conference*, a copy of which is attached hereto as Exhibit "A". CBNA has been ordered to submit an "elaborate term sheet" for a plan of reorganization to the official committee representing the interests of sexual abuse claimants (the "Committee") no later than July 15, 2008. A necessary component of any plan of reorganization must include insurance contributions. In addition, the Bankruptcy Court has a begun the process of ordering mediation involving the Committee, CBNA, the parishes and other catholic entities, as well as insurance companies. *See Memorandum Regarding Status And Scheduling Conference* attached hereto as Exhibit "B". Continental clearly recognizes the importance of the administrative proceedings in the Reorganization Case, as evidenced by it having obtained *pro hac vice* admission in the Bankruptcy Court for four attorneys before the Motion was filed and its appearance at the status hearing on May 16, 2008. *See Bankruptcy Court Docket* attached hereto as Exhibit "C".

There is no question that the issues in the Reorganization Case and the issues in the Missing Policy Case affect one another. There is no question that resolution of the Missing Policy Case could have a profound effect on the administration of CBNA's estate. Any issue of

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

judicial economy mitigates toward having the Bankruptcy Court, not this Court, hear these matters.  The Reorganization Case will not be heard by this Court.  On the other hand, having one court with knowledge of all aspects of the issues hearing all matters promotes (rather than impedes) judicial economy.  Therefore, even if the Missing Policy Case is non-core, the Motion should be granted.

### III. CONCLUSION

The Objection is not well taken and should be overruled.  The Missing Policy Case implicates the two most basic functions of the Bankruptcy Court - determining the existence and extent of estate assets and determining the validity and extent of claims against the estate.  The Bankruptcy Court is the forum in which all matters related to the extent and nature of insurance coverage and its relationship to the Reorganization Case, as a whole, can be most efficiently and comprehensively determined.  Therefore, CBNA respectfully requests entry of an ORDER referring the Missing Policy Case to the United States Bankruptcy Court of the District of Alaska as a "core proceeding" under 28 U.S.C. § 157(b); or in the alternative, an ORDER referring this matter to the United States Bankruptcy Court of the District of Alaska under its "non-core" "related to" jurisdiction under 28 U.S.C. § 157(c).

DATED this 20th day of May, 2008.

COOK, SCHUHMANN & GROSECLOSE

By:   /s/ Robert B. Groseclose
   Robert B. Groseclose
   Alaska Bar No. 7605032

**COOK, SCHUHMANN & GROSECLOSE, INC.**
**714 Fourth Ave.**
**Suite 200**
**Post Office Box 70810**
**Fairbanks, AK 99707**

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO REFER TO BANKRUPTCY COURT
QBACTIVE\124448.00004\6245857.1

Page 10of 11
CIC v. CBNA Case No. 3:06-cv-00019 TMB

**CERTIFICATE OF SERVICE**

This is to certify that on the 20th day
of May, 2008, a copy of the foregoing
is being mailed via first class mail fully prepaid
to the following attorney(s) or party(s) of record:

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501

Laura K. McNally and Philip C. Stahl
Grippo & Elden LLC
111 S. Wacker Drive
Chicago, IL 60606

   /s/ Jamie Archibald_____
for Quarles & Brady, LLP

**COOK, SCHUHMANN
& GROSECLOSE,
INC.
714 Fourth Ave.
Suite 200
Post Office Box 70810
Fairbanks, AK 99707**

REPLY MEMORANDUM IN SUPPORT OF MOTION                                   Page 11of 11
TO REFER TO BANKRUPTCY COURT                         CIC v. CBNA Case No. 3:06-cv-00019 TMB
QBACTIVE\124448.00004\6245857.1