judicial economy mitigates toward having the Bankruptcy Court, not this Court, hear these matters. The Reorganization Case will not be heard by this Court. On the other hand, having one court with knowledge of all aspects of the issues hearing all matters promotes (rather than impedes) judicial economy. Therefore, even if the Missing Policy Case is non-core, the Motion should be granted.

### III. CONCLUSION

The Objection is not well taken and should be overruled. The Missing Policy Case implicates the two most basic functions of the Bankruptcy Court - determining the existence and extent of estate assets and determining the validity and extent of claims against the estate. The Bankruptcy Court is the forum in which all matters related to the extent and nature of insurance coverage and its relationship to the Reorganization Case, as a whole, can be most efficiently and comprehensively determined. Therefore, CBNA respectfully requests entry of an ORDER referring the Missing Policy Case to the United States Bankruptcy Court of the District of Alaska as a "core proceeding" under 28 U.S.C. § 157(b); or in the alternative, an ORDER referring this matter to the United States Bankruptcy Court of the District of Alaska under its "non-core" "related to" jurisdiction under 28 U.S.C. § 157(c).

DATED this 20th day of May, 2008.

QUARLES & BRADY LLP

By: /s/ Susan G. Boswell
    Susan G. Boswell
    Arizona Bar No. 04791
    (Admitted Pro Hac Vice)

COOK, SCHUHMANN & GROSECLOSE
Robert B. Groseclose
Alaska Bar No. 7605032
714 Fourth Ave., Suite 200
Fairbanks, AK 99707

COOK, SCHUHMANN
& GROSECLOSE,
INC.
714 Fourth Ave.
Suite 200
Post Office Box 70810
Fairbanks, AK 99707

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO REFER TO BANKRUPTCY COURT
QBACTIVE\124448.00004\6245857.2

Page 10 of 11
CIC v. CBNA Case No. 3:06-cv-00019 TMB