UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

<table>
<tr><td>CONTINENTAL INSURANCE<br>COMPANY,<br><br>          Plaintiff,<br><br>          vs.<br><br>CATHOLIC BISHOP OF NORTHERN<br>ALASKA,<br><br>          Defendant.</td><td>No. 3:06-cv-00019-TMB<br><br>ORDER<br>[Re: Motions at Docket Nos. 45, 47,<br>62, 69, and 73]</td></tr>
</table>

## I. MOTIONS PRESENTED

At Docket No. 62 defendant Catholic Bishop of Northern Alaska ("CBNA") has moved for an order referring this matter to the U.S. Bankruptcy Court for the District of Alaska under 28 U.S.C. § 157 and Miscellaneous General Order 503 of this Court. At Docket No. 68, plaintiff Continental Insurance Co. ("Continental") has opposed the motion and at Docket No. 70 CBNA has replied. The Court having reviewed the moving and opposing papers has determined that oral argument would not assist the Court in making a decision in the matter. The request for oral argument at Docket No. 69 is DENIED.

At Docket No. 73 CBNA has moved for an order striking a letter dated May 14, 2007, sent by Traveler's Casualty and Surety Co. addressed to the Court in support of Continental's opposition to referral of the matter to the Bankruptcy Court.[1]

Also pending before the Court are cross-motions for summary judgment filed by Continental and CBNA at Docket Nos. 45 and 47, respectively.

---

[1] This letter, addressed to the presiding judge, has not been filed as part of the court records.

## II.  BACKGROUND

On January 19, 2006, Continental initiated the instant action in this court.  CBNA filed its answer on March 22, 2006.  Thereafter, CBNA filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), which this Court denied.  Docket No. 31.  At Docket Nos. 45 and 47, respectively, Continental and CBNA filed cross-motions for summary judgment.  These motions remain pending before the court.  Oral argument was scheduled on those motions on April 10, 2007.

On March 1, 2008, CBNA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, title 11, United States Code, Case No. F08-00110-DMD.  On March 3, 2008, CBNA filed a notice of the bankruptcy filing in this Court and this Court, in an abundance of caution, issued an order staying further proceedings in this matter and vacated the oral argument on the pending cross-motions for summary judgment. Docket Nos. 60, 61.

## III.  DISCUSSION

Under the authority of 28 U.S.C. § 157(a), this Court adopted General Order 503 referring "to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11."  In most cases, referral is self-executing in that petitions for relief under title 11 are filed directly in the bankruptcy court and all matters, be they contested matters or adversary proceedings, filed subsequent to the filing of the petition for relief are also filed directly in the bankruptcy court, subject to withdrawal of the reference under § 157(d) and the applicable procedural rules, national and local.  In this case, however, the instant action was initiated nearly 14 months before the bankruptcy petition was filed.  Thus, whether General Order 503 applies in this situation is an open issue.

It appears to be self-evident that this action is related to the pending bankruptcy case.  In opposing referral, Continental makes essentially two arguments: (1) this is a non-core proceeding, requiring submission of proposed findings of fact and conclusions of law for approval by this Court on dispositive matters in the absence of the consent of both parties to entry of a final judgment by the bankruptcy court; and (2) CBNA has

demanded a jury trial, which the bankruptcy court cannot conduct absent the consent of all parties.  The Court finds these arguments unpersuasive.

In its complaint Continental alleges that CBNA claims there was an insurance policy issued by Continental in effect during 1974 through 1979 providing CBNA general liability coverage.  Continental further alleges that neither CBNA nor Continental have been able to locate a copy of this policy.  As a consequence, according to Continental, because CBNA cannot prove that Continental issued a policy obligating Continental to defend and indemnify CBNA, Continental is entitled to a judicial declaration that it has no duty to defend or indemnify CBNA.  Continental further seeks reimbursement for the defense costs it advanced under its reservations of rights letter.

This is a somewhat unusual case.  In the typical insurance policy declaratory relief action the court is asked to determine whether, under the terms of a particular policy before it, the insurer has a duty to defend and/or indemnify the insured.  In this case, however, the policy itself is not before the court.  Indeed, neither party is able to find a copy of the policy in question.  In fact, the parties are in dispute as to its very existence.  The threshold question presented by the complaint goes to existence of the policy.  That is, did Continental issue a general liability policy to CBNA covering the period in question.  Only after it is determined that a general liability policy was issued can the court ascertain what the terms of that policy were and whether those terms encompass the claims made against CBNA.  In summary, the case before the court involves a two-step process: (1) establish that an insurance policy existed and, (2) if so, did the terms of the policy extend coverage to the claims made against CBNA.  It is not until the second step that a coverage issue presents itself.  Taken in proper context, the gravamen of Continental's action is that no policy exists; therefore, absent the existence of a policy, there can be no duty to defend or indemnify.  Continental most certainly does not seek adjudication of its duties under the terms of an existing policy, the terms of which are ascertainable.

In general, "property of the estate" consists of all legal and equitable interests  of the debtor in property.[2/]  "Under the weight of authority, insurance contracts have been embraced within this statutory definition of property." [3/] Accordingly, the insurance policy in question, if it does in fact exist, is property of the estate.  "[D]etermining the nature and extent of property of the estate is also a fundamental function of the bankruptcy court.... and fundamental to the administration of a bankruptcy case."[4/]  Therefore, an action to determine whether property is property of the estate is a core proceeding within the jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(A) ("matters concerning administration of the estate").[5/]  Thus, in this case, it appears that, at least the threshold question, the existence of the policy, is a core proceeding.  In any event, the determination of whether the matter is a core proceeding is to be made in the first instance by the bankruptcy judge.[6/]

As for Continental's claim for reimbursement for defense costs advanced, that is clearly a claim to a right to payment within the scope and meaning of 11 U.S.C. § 101(5).  It also clearly arose pre-petition, the allowance or disallowance of which is a core proceeding.[7/]

Although there is a demand for a jury trial, that does not necessarily mean that the right to a jury trial exists.  First, with respect to the reimbursement claim against the estate, there is no right to a jury trial.[8/]  Second, the right to a jury trial in bankruptcy is

---

[2/] 11 U.S.C. § 541(a)(1).

[3/] *In re Minoco Group of Companies*, 799 F.2d 517, 519 (9th Cir. 1986) (pre-petition insurance contract insuring the debtor company against claims made by its officers and directors).

[4/] *In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) (internal quotation marks, insertions and citation omitted).

[5/] *See Id*.

[6/] *See* 28 U.S.C. § 157(b)(3); *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994).

[7/] 28 U.S.C. § 157(b)(2)(B).

[8/] *Langenkamp v. Culp*, 498 U.S. 42, 44–45 (1990) (per curiam).

dependent upon whether the relief sought is legal or equitable in nature.[9/]  To the extent that Continental is seeking a declaration of its rights, the action is equitable, not legal, in nature.[10/]  Accordingly, the right to a jury trial is not, at this juncture, a significant factor for consideration.

There being no good cause for declining to do so, the Court will refer this matter to the Bankruptcy Court consistent with the General Order, practices, and customs of the Court.

The Court is not, however, unmindful of the fact that it has the cross-motions for summary judgment pending that, except for oral argument, are ripe for decision.  The Court is of the opinion that, given determination of the cross-motions is central to this case and the possible ramifications on the motions engendered by the intervening bankruptcy proceedings, it is appropriate to defer to the experience and knowledge of the bankruptcy judge in bankruptcy matters in the first instance.  The Court will deny those motions without prejudice to renew before the bankruptcy court in accordance with the practices and procedures of that court.

## IV.  CONCLUSION AND ORDER

The Motion to Refer Case to Bankruptcy Court at Docket No. 62 is GRANTED.

Continental Insurance Company's Motion for Summary Judgment at Docket No. 45 is DENIED, without prejudice to renewal before the Bankruptcy Court.

The Motion for Summary Judgment on Existence, Coverage, and Terms of Policy Covering CBNA at Docket No. 47 is DENIED, without prejudice to renewal before the Bankruptcy Court.

The Motion to Strike Letter Filed with Court on Behalf of Travelers Casualty and Surety Company Supporting Continental's Objection to Motion to Refer Case to bankruptcy Court at Docket No. 73 is DENIED, as moot.

---

[9/] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–41 (1989).

[10/] The Court also notes that Continental's right to recoup the defense costs advanced under its reservation of rights letter is dependent upon the absence of a duty to defend.  Thus, the issue of coverage may be inextricably intertwined with and bound to the claim that it has no duty to defend and indemnify.

IT IS ORDERED THAT this matter is referred to the United States Bankruptcy Court for the District of Alaska for such further proceedings as may be necessary or appropriate.

Dated:  August 6, 2008.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE